STATE, Respondent v. WILLIAMSON, Appellant

(198 N.W.2d 518)

(File Nos. 10903, 10941, 10904 and 10939.)

(Opinion filed June 6, 1972)

**Gordon Mydland,** Atty. Gen., **John S. DeVany,** Asst. Atty. Gen., Pierre, for plaintiff and respondent.

**A. P. Fuller,** Lead, for defendant and appellant.

BIEGELMEIER, Judge.

Defendant was convicted in circuit court of grand larceny and burglary in the third degree. He appeared in circuit court with his own employed counsel. He appeals from judgments and sentences entered upon jury verdicts of guilty. He also appeals from the judgments entered in a post-conviction proceeding. These appeals involve the same questions; the appeals were combined for briefing and argument in this court. It appears defendant has had seven lawyers in these various proceedings, two by employment and five by appointment by reason of his indigency. Present counsel on these appeals did not represent him prior to the appeals.

Defendant's brief lists eight questions presented by the assignments of error whereby it is claimed the court erred.

SDCL 23-28-7 permits a change of venue when "it shall appear to the satisfaction of the court, by affidavits or other evidence, that a fair and impartial trial cannot be had" in the county. A motion for change of venue based on an affidavit of defendant's trial attorney was denied. It contained conclusions and unsupported assertions of counsel and no facts sufficient to require a change of venue. See State v. Husman, 66 S.D. 530, 287 N.W. 30.

■ Juror Gehring was challenged as a juror by reason of being a nephew of a deputy sheriff, the challenge being based on SDCL 15-14-6(2) which provides that "Consanguinity or affinity, within the fourth degree, to either party" may be taken as a ground for challenge. There was no other objection to him for he was otherwise qualified. It also appeared the deputy was a nominal officer, a sickly 76-year-old part time deputy who took phone calls when the sheriff was gone. The sheriff did not know the juror personally. The statute did not disqualify the juror. Juror Miller's statement that her "hearing isn't the best" was mentioned by her as a reason to avoid jury duty; she later testified she "heard everything that was said." She was passed for cause by defendant's counsel.

■ The circumstantial evidence is claimed to be insufficient. Circumstantial evidence may be sufficient to sustain a conviction, and this is a case where that kind of evidence is convincing of defendant's guilt. For that reason no attempt is made to summarize it here. Burglary tools and the fruits of the burglary were satisfactorily traced to defendant's possession minutes after the crimes were committed.*

■ An F.B.I. expert testified of his scientific examination of certain burglary tools, connected to defendant shortly after the crime, which were used in the gas station burglary. He testified that a punch traced to defendant was used to punch open the safe and that it left markings like "fingerprints" on the safe dial spindle. On cross-examination he was asked if some other tools marked as exhibits had been sent to him for examination. He said they had not been. He was also asked if he knew of the prior use of the tools and of Exhibit 15, a vice grip pliers; he said he did. On redirect he was asked about this previous use and he started to say he had received other evidence in another burglary when he was interrupted by an objection which the court sustained; the jury was advised to disregard that portion of the

---

* The afternoon before the burglary defendant had purchased gas at the station; he went into the office where the vault was and stood around loafing. He registered under an assumed name at a motel a few miles east of the station. About 1 or 2 a. m. a car was seen leaving the motel, and it was later identified as the one driven away from the gas station at a fast rate of speed about 2:30 a. m. A few minutes later this same car was stopped at a road block with defendant and two others in it.

testimony. This reference in his testimony to the tools he had examined was of no consequence and could have no prejudicial effect.

Neither the objections to Instructions 17, 19 and 20 nor the argument here indicates any error in them.

█ █ Defendant urges the state cannot prosecute by a state's attorney's information. Prosecutions by information in state courts have been upheld by many courts, and neither the Fifth Amendment nor the due process clause of the Fourteenth Amendment to the United States Constitution requires indictments in state courts. Nelson v. Bennett, 1963, 255 Iowa 773, 123 N.W.2d 864; United States ex rel. Combs v. Denno, 1964, D.C., 231 F.Supp. 942, and see opinions cited in 41 Am.Jur.2d, Indictments and Informations, § 9. One of the recent opinions is State v. LaCaze, 1968, 252 La. 971, 215 So.2d 511, cert. den. 395 U.S. 928, 89 S.Ct. 1786, 23 L.Ed.2d 246. Our Constitution permits it. In view of the authorities cited, prosecution by information does not violate the national Constitution.

█ Defendant claims that the action was erroneously tried at the current March term rather than at the next term to which it is stated the committing magistrate held defendant to answer. This is not borne out by the record. The endorsement on the preliminary information, over the magistrate's signature, states "I order that he be held to answer the same in the Circuit Court of Miner County, South Dakota". This is in exact compliance with SDCL 23-27-16. The "next" term does not appear either place.

█ It is suggested and argued that the amount of defendant's bail after conviction and during the appeal was fixed in an excessive amount. Before trial it was set and furnished in the amount of $5,000; after conviction it was fixed at $20,000 and not furnished.

█ Defendant was a resident of New Mexico, and had been formerly convicted in Texas in 1959 of a felony — assault with intent to rob. He was sentenced to 10 years imprisonment, paroled

on February 11, 1963, and returned to serve the balance of the sentence on May 28, 1963, as a parole violator. The bail on appeal was not excessive (see Langdeau v. State, 85 S.D. 189, 179 N.W.2d 121, as to bail for appearance at the trial). If it were, it would not affect the sentence. This claim is frivolous. The others are of no substance. This is no reflection on counsel as they may be under compulsion to raise questions without merit when demanded by indigent defendants. See State v. Asimakis, 86 S.D. 339, 195 N.W.2d 407, note 2 at page 410.

The trial court in the post-conviction proceeding in a Judgment on July 8, 1970, denied the petition to set aside the verdicts of guilty, but, to permit defendant the right of appeal, vacated the May 27, 1968 original Sentence and remanded defendant to the court "to be resentenced  *  *  *  thus preserving his right to appeal". Appeal #10904 from that Judgment is affirmed.

In the criminal action the trial court then entered a Judgment and Sentence dated July 20, 1970, which resentenced defendant for the same term as the original vacated Judgment, the term to commence on the date defendant had been received at the state penitentiary; this Judgment and Sentence, #10903, is likewise affirmed.

For some reason on January 5, 1971, the post-conviction court entered an Amended Judgment, again vacating the May 27, 1968 original Sentence, worded much like the July 8, 1970 Judgment. This is involved in appeal #10939. On the same day, January 5, 1971, the trial court in the criminal action entered an Amended Judgment and Sentence of the same tenor as the July 20, 1970 Judgment and Sentence involved in appeal #10941. No reason appears for this duplication except perhaps an effort to insure defendant's timely appeal to this court. In that regard we note that SDCL 23-52-14 states "This order is a **final judgment** for **purposes** of **review**" (emphasis supplied), and SDCL 23-52-16 states "A **final judgment** entered under this chapter may be reviewed by the Supreme Court of this state on appeal  *  *  *  within **six months** from the entry of the judgment." (Emphasis supplied.)

Appeals #10903 and #10904 are thus properly before the court in both matters; therefore, the judgments in appeals #10939 and #10941 are surplusage and they are vacated.

WINANS, WOLLMAN and DOYLE, JJ., and RENTTO, Associate Judge, concur.

RENTTO, J., sitting as Associate Judge pursuant to SDCL 16-8-13, for HANSON, P. J., disqualified.