TERRY V. TURNER

*v.*

LLOYD E. HAYNES, *Warden, etc., et al.*

(No. 13802)

Decided July 11, 1978.

*David H. Savasten, Harmison & Savasten* for plaintiff in error.

*Chauncey H. Browning*, Attorney General, *Pamela Dawn Tarr*, Assistant Attorney General, for defendants in error.

CHAPLAN, CHIEF JUSTICE:

This is an appeal from a judgment of the Circuit Court of Jefferson County, whereby the petitioner, Terry V. Turner, was denied a writ of habeas corpus.

Terry V. Turner, an indigent, was convicted of grand larceny in the aforesaid court on September 27, 1973. Upon the denial of his motion to set aside the verdict and be granted a new trial, the petitioner requested his court-appointed counsel to take the necessary steps to appeal his conviction. Counsel informed him that he had a right to appeal and that he "would take steps to perfect the appeal, and would then be in touch with him regarding the appeal." Counsel did timely file a notice of intent to appeal and requested and received a transcript of the trial. Upon review of that record, he, petitioner's court-appointed counsel, concluded that there were no grounds for appeal and no appeal was ever sought.

Counsel states that he mailed a letter to his client, the petitioner, at the Huttonsville Correctional Center, informing him that there were no grounds for appeal and indicated that no appeal would be taken by him. However, he said that if the petitioner still desired to appeal he would present the matter to the circuit court and would request that new counsel be appointed to assist him. Counsel further stated that he never heard from the petitioner in response to this letter and apparently assumed that he was satisfied that there were no grounds for a successful appeal. Nothing more was done and the eight-month appeal period expired.

On September 11, 1975 the petitioner filed a petition in habeas corpus in this Court, alleging that he had been denied a transcript of his trial in violation of constitutional due process. The writ was awarded and was made returnable to the Circuit Court of Jefferson County. A hearing was held at which the petitioner, his court-appointed counsel and the circuit clerk testified. At the conclusion of the testimony the court made several findings and denied the writ of habeas corpus.

The court found that no request for a transcript had ever been directed to the clerk from the petitioner, although such transcript had been furnished to his counsel and is available in the clerk's office; that counsel had reviewed the transcript and had concluded that there were no grounds for appeal; that he so advised the petitioner by letter, which petitioner says he did not receive; that petitioner did desire to appeal and was under the impression that, pursuant to his direction, an appeal had been taken; and, that the petitioner did not carry the burden of proving his assertion that he was denied a transcript and his right to appeal his conviction.

When a court-appointed counsel is requested to appeal and he determines that such an appeal is without merit, is his responsibility to his client discharged by merely informing him of his determination? That is the basic issue presented on this appeal. We answer in the negative and reverse.

This Court, in *Rhodes v. Leverette, Warden,* ____ W. Va. ____, 239 S.E.2d 136 (1977), held that it is not the role of defense counsel to determine whether a defendant's appeal from conviction is frivolous. In this holding the Court relied on *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Anders, an indigent, was convicted of a felony and sought an appeal. Counsel was appointed to prosecute his appeal, but, upon examining the record and consulting with his client, concluded that there was no merit to the appeal. He so advised the court and noted that Anders desired to file a brief in his own behalf; also, he requested the appointment of another attorney. The court denied the request for another attorney and Anders filed a brief pro se. His conviction was affirmed.

Approximately six years later Anders filed a petition for a writ of habeas corpus in the District Court of Appeal, claiming deprivation of the right to counsel in his original appeal. Upon denial of the application, he filed another petition in the Supreme Court of Califor-

nia. This petition was denied and the case was ultimately decided in the United States Supreme Court. That Court concluded that counsel's bare conclusion, as evidenced by his letter, was not enough. It noted that the "constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae." The no-merit letter to the court, said the Court, does not reach that dignity.

In *Anders* the Court acknowledged that counsel may withdraw if he finds the appeal to be "wholly frivolous", but that he must support his client's appeal to the best of his ability and may withdraw only when permission of the court, after submitting a brief referring to any point in the record that might arguably support the appeal. His client should also be given an opportunity to study the brief and time to raise any points he chooses. The opinion then continued "the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." For a comprehensive treatment of the general subject of the denial of one's right to appeal and the failure of counsel to perfect an appeal as directed by his client, see *Rhodes v. Leverette, supra.*

Applying the law of *Anders* and *Rhodes*, to which we adhere, we are of the opinion and hold that Turner's counsel did not fulfill his legal obligation and that Turner was wrongfully denied his right to appeal. It is not counsel's prerogative to determine finally the merits of an appeal, but, as directed in *Anders*, the "court—not counsel ... decide[s] whether the case is wholly frivolous." In the case at bar counsel—not the court—decided that the appeal was without merit. That he notified his client of his decision not to appeal is not material. This is impermissible and the petitioner is entitled to relief.

Consequently, the judgment of the Circuit Court of Jefferson County is reversed and the case is remanded with directions that the petitioner be resentenced to

start the running of the appeal period; that new counsel be appointed to perfect the appeal; and that a free transcript be furnished for the purpose of prosecuting an appeal.

*Reversed and remanded with directions.*