**Gary Lynn LOOP, Petitioner and Appellant,**

v.

**Herman SOLEM, Warden, South Dakota State Penitentiary, Sioux Falls, South Dakota, Respondent and Appellee.**

No. 14968.

Supreme Court of South Dakota.

Considered on Briefs Jan. 15, 1986.

Decided Dec. 23, 1986.

Cynthia A. Howard, Northern Hills Public Defender's Office, Deadwood, for petitioner and appellant.

Robert Mayer, Asst. Atty. Gen., Pierre, for respondent and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

MORGAN, Justice.

This is an appeal from an order quashing a writ of habeas corpus originally issued on the petition of Gary Loop (Loop) which alleged, among other things, an unconstitutional deprivation of effective assistance of appellate counsel. We reverse and remand.

On November 4, 1981, Loop was charged with the offense of sexual contact with a child under fifteen years of age. SDCL 22–22–7. Based upon three prior felony convictions, an habitual criminal information was also filed. Loop was convicted by a Lawrence County jury on the principal offense and pleaded guilty to the habitual offender charge. He was sentenced to the South Dakota State Penitentiary for a term of twenty years. Loop's counsel made a timely filing of a notice of appeal, but failed to file an appellate brief within the statutory time and the appeal was thereupon dismissed. No attempt was made to set aside this dismissal.

Loop's application for writ of habeas corpus alleges a number of claims of errors relating to procedure and ineffectiveness of trial counsel, as well as a claim of error by reason of appellate counsel's failure to adequately proceed with the appeal process. Counsel testified at the hearing on the writ that, after reviewing the trial file, he had determined that there were no meritorious grounds for an appeal and that he simply did not file the requisite brief with this court. In its findings of fact after the hearing, the habeas court found (1) that Loop's attorney had reviewed transcripts and reasonably determined that no meritorious grounds existed for an appeal and (2) there was no likelihood that an appeal would have resulted in a reversal of Loop's conviction. The habeas court quashed the writ previously issued and then issued a certificate of probable cause for appeal. Loop then served and filed his notice of appeal herein. We will confine our decision to the issue of ineffective assistance of appellate counsel.

It cannot be doubted that Loop had a right to representation by counsel in the criminal prosecution against him. Representation is guaranteed at every critical stage of a criminal proceeding, including appeal. Furthermore, this constitutionally guaranteed representation must be adequate and effective. A mere perfunctory and casual representation does not satisfy the guarantee. *Anderson v. State,* 373 N.W.2d 438 (S.D.1985). The same standards that are applied in measuring trial

counsel's competence should apply in measuring appellate counsel's competence. *Id.* In reviewing the adequacy and effectiveness of representation, we must determine whether counsel exercised the customary skills and diligence that a reasonably competent attorney would exercise under similar circumstances. *Id.*

■ Before a defendant succeeds on an ineffective assistance of counsel claim, he must *normally* fulfill the twofold test stated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *reh'g denied,* 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864. Not only must he show ineffective assistance of counsel, but in most circumstances he must show that he suffered prejudice as a result. Prejudice, however, need not be shown in all circumstances. "In certain Sixth Amendment contexts, prejudice is presumed. Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice.... Prejudice in these circumstances is so likely that case by case inquiry into prejudice is not worth the cost." *Strickland,* 466 U.S. at 692, 104 S.Ct. at 2067, 80 L.Ed.2d at 696. We believe that Loop was denied assistance of counsel altogether in his appeal and as a result did not receive due process of law. *See Anders v. State of California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), *reh'g denied,* 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377; *United States v. Edwards,* 777 F.2d 364 (7th Cir.1985); *Cannon v. Berry,* 727 F.2d 1020 (11th Cir. 1984); *Mylar v. State of Alabama,* 671 F.2d 1299 (11th Cir.1982), *cert. denied,* 463 U.S. 1229, 103 S.Ct. 3570, 77 L.Ed.2d 1411; *Perez v. Wainwright,* 640 F.2d 596 (5th Cir.1981), *cert. denied,* 456 U.S. 910, 102 S.Ct. 1759, 72 L.Ed.2d 168, *reh'g denied,* 456 U.S. 985, 102 S.Ct. 2260, 72 L.Ed.2d 864; *Robinson v. Wyrick,* 635 F.2d 757 (8th Cir.1981); *Passmore v. Estelle,* 607 F.2d 662 (5th Cir.1979), *cert. denied,* 446 U.S. 937, 100 S.Ct. 2155, 64 L.Ed.2d 789 (1980); *Richardson v. State,* 456 So.2d 1152 (Ala.Crim.App.1984); *Turner v.*

*Haynes,* 162 W.Va. 33, 245 S.E.2d 629 (1978).

This case is obviously controlled by *Anders,* yet *Anders* was not cited by Loop's counsel in this appeal. Furthermore, Loop's counsel in the present action did not even file a reply brief, in spite of the fact that Solem's counsel extensively cited *Anders.*

Solem admits that *Anders* is controlling, but he asks us to "modify" the requirements of *Anders.* This we do not feel at liberty to do. *Anders* sets out a specific course of action for counsel to follow when he or she believes that the client's appeal is without merit. We find no erosion of the *Anders* decision that would support Solem's position,[1] nor does he cite any supporting authority. Quite to the contrary, we find a recent United States Supreme Court decision that states: "A State may not extinguish [an appeal as of] right because another right of the appellant—the right to effective assistance of counsel—has been violated." *Evitts v. Lucey,* 469 U.S. 387, 400, 105 S.Ct. 830, 838, 83 L.Ed.2d 821, 832 (1985), *reh'g denied,* 470 U.S. 1065, 105 S.Ct. 1783, 84 L.Ed.2d 841.

The similarities between this case and the *Anders* case are striking. The *Anders* Court framed the issue as follows: "We are here concerned with the extent of the duty of a court-appointed appellate counsel to prosecute a first appeal from a criminal conviction, after that attorney has conscientiously determined that there is no merit to the indigent's appeal." *Anders,* 386 U.S. at 739, 87 S.Ct. at 1397, 18 L.Ed.2d at 495. The issue in the case at hand is identical. In *Anders,* the attorney, after reviewing the record, filed a letter with the District Court of Appeal stating that in his opinion there was no merit to the appeal. Loop's first counsel took even less action than that taken in *Anders.* He did not even file a letter with the appellate court. As the *Anders* Court said, this "procedure did not furnish petitioner with counsel acting in the role of an advocate." *Id.* at 747,

1. *See United States v. Blackwell,* 767 F.2d 1486 (11th Cir.1985).

87 S.Ct. at 1399, 18 L.Ed.2d at 498. The Court went on to set out a specific course of action to be followed by counsel in these cases.

The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae*. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. *That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses;* the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Id.* at 744, 87 S.Ct. at 1400, 18 L.Ed.2d at 498. (Emphasis added.)

It is patently clear in this case that Loop did not receive the assistance of counsel as required by *Anders*. His original appellate counsel failed to file the requisite brief with this court and allowed Loop's appeal to be dismissed. Actions of Loop's counsel did not rise to the role of an advocate as required by the Sixth and Fourteenth Amendments.

The procedure outlined in *Anders* comports with our Code of Professional Responsibility. DR 2–110(A)(2) states: "A lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client." That section further requires that a lawyer give notice to his client that will allow time for employment of other counsel. In any future cases involving similar questions of compliance with DR 2–110(A)(2), we suggest that the issue of the reasonableness of counsel's steps should be viewed in accordance with our directions as adopted from *Anders*.

As we noted at the outset of this opinion, this case comes to us by way of a request for a post-conviction remedy. "The scope of review in habeas corpus proceedings is limited, since the remedy is in the nature of a collateral attack upon a final judgment. [citation omitted] It is not a substitute for an appeal...." *State v. Erickson*, 80 S.D. 639, 645, 129 N.W.2d 712, 715 (1964). Since appellate review in *habeas corpus* proceedings is more limited than appellate review in a first appeal, we must grant Loop a new appeal wherein he will be at liberty to raise the other issues arising from his trial.

"[W]here an appellant is denied the effective assistance of counsel on appeal, the proper remedy is to afford appellant a new appeal in which he may reassert the issues adversely affected by his initial counsel's ineffective stewardship of his appeal." *Commonwealth v. Sullivan*, 472 Pa. 129, 371 A.2d 468, 476 (1977). "The remedy for ineffective counsel found to exist at the appellate level should depend on the kind of ineffectiveness claim raised. If the successful claim is one of general, overall ineffectiveness that pervaded the entire appeal, the appropriate remedy would be to grant the defendant a new appeal." Strazella, *Ineffective Assistance of Counsel Claims: New Uses, New Problems*, 19 Ariz.L.Rev. 443, 468 (1977). A number of federal circuit courts of appeal when faced with the ineffective assistance of counsel on appeal have given the state court the option of

granting an "out-of-time appeal" or freeing the prisoner. *See Mylar, supra; Perez, supra; Robinson, supra; Passmore, supra.*

 The question, then, is what procedural mechanism should we employ to grant Loop a new trial? We have held that the filing of an appeal within the statutory time limits of SDCL 23A–32–15 is jurisdictional. *State v. Hare,* 260 N.W.2d 224 (S.D.1977). We have no statutory provision for "out-of-time" appeals. The Supreme Court of West Virginia in *Turner,* sent the defendant back to the trial court to be resentenced, whereafter his appeal period began to run anew. *Turner* and *Sullivan* are cited in 15 A.L.R.4th as supporting the statement: "[T]he court may simply choose to resentence the appellant and to reinstate his entire appeal, with the result that completely new appellate contentions might be made." Annot., 15 A.L.R.4th 582, 598 (1982). This same course of action was suggested by Judge Tapken in *Anderson v. State,* 373 N.W.2d 438, 446 (S.D.1985) (Tapken, Circuit J., dissenting).[2] The statutory provision for resentencing found in SDCL ch. 23A–31 deals only with correction of illegal sentences, sentences entered in an illegal manner, reduction of sentences, and correction of clerical mistakes, none of which are applicable to this situation. However, remanding for resentencing and allowing a new appeal period would provide Loop with the remedy that best cures the constitutional infirmities of his original appeal without incurring the expense to the taxpayers of granting a new trial. In *State v. Williamson,* 86 S.D. 485, 198 N.W.2d 518 (1972), this court approved the action of the lower court in a post-conviction proceeding wherein judgment was entered which "denied the petition to set aside the verdicts of guilty, but, to permit defendant the right of appeal, vacated the ... original Sentence and remanded defendant to the court 'to be resentenced * * thus preserving his right to appeal.'" *Id.* at 490, 198 N.W.2d at 520.

To the extent that *Anderson v. State,* 373 N.W.2d 438 (S.D.1985), is inconsistent with this opinion, it is overruled.

We reverse the habeas court and remand for disposition in accordance with our decision in *Williamson, supra.*

All the Justices concur.

FOSHEIM, Retired Justice, and HERTZ, Circuit Judge, acting as a Supreme Court Justice, participating.

SABERS and MILLER, JJ., not having been members of the Court at the time this action was submitted to the Court, did not participate.

---

**2.** We are required to note that Henderson, J., joined the dissent authored by Tapken, Circuit J.