798 S.E.2d 856

**Jack R. WATTS, Petitioner Below, Petitioner**

**v.**

**David BALLARD, Warden, Respondent Below, Respondent**

**No. 15-0568**

Supreme Court of Appeals of West Virginia.

Submitted: March 7, 2017

Filed: April 7, 2017

---

page_number731

Scott E. Johnson, Esq., Appellate Counsel, Public Defender Services, Charleston, West Virginia, Attorney for Petitioner

Patrick Morrisey, Esq., Attorney General, Nic Dalton, Esq., Assistant Attorney General, Katlyn Miller, Esq., Assistant Attorney General, Attorneys for Respondent

LOUGHRY, Chief Justice:

The petitioner, Jack R. Watts, appeals a May 21, 2015, final order of the Circuit Court of Ohio County denying his petition for a writ of habeas corpus. The petitioner, argues, inter alia, that the circuit court's order is insufficient to permit meaningful appellate review. Having considered the parties' briefs, oral arguments, the submitted appendix record, and pertinent authorities, we find merit to the petitioner's argument and, therefore, remand this case for the circuit court to make specific findings of fact and conclusions of law to support its ruling.

## I. Factual and Procedural Background

The petitioner was sentenced on October 28, 2011, to an aggregate term of incarceration of 215 to 705 years and fifty years of supervised release upon his conviction of four counts of first degree sexual assault, five counts of first degree sexual abuse, and nine counts of sexual abuse by a person in a position of trust to a child. Thereafter, the

petitioner filed a direct appeal of his convictions with this Court. By memorandum decision entered on April 16, 2013, this Court affirmed the petitioner's convictions.[1]

On July 17, 2013, the petitioner filed a pro se petition for a writ of habeas corpus in the Circuit Court of Ohio County asserting twenty-three grounds for relief. The petitioner also requested the appointment of habeas counsel. By order entered on August 16, 2013, the circuit court appointed attorney Mark Panepinto to serve as the petitioner's habeas counsel and afforded him ninety days to submit a revised habeas petition on behalf of the petitioner setting forth any and all grounds for post-conviction relief.[2]

On February 13, 2015, Mr. Panepinto filed a document with the circuit court that he styled as a "Certificate of No Merit." Mr. Panepinto indicated in his "Certificate of No Merit" that he had thoroughly reviewed approximately 3,000 pages of transcripts, evidence, discovery, and related matters pertaining to the petitioner's case. Mr. Panepinto then stated:

> This counsel certifies that based upon the review of the totality of the documents and information obtained and after discussions with both former court-appointed counsel of the Petitioner, that this counsel cannot ethically, and within the applicable rules, argue any of the issues asserted in the pending Habeas Corpus Petition. Additionally, counsel certifies that it is his opinion and belief that there exists no other viable grounds for Habeas Corpus relief by virtue of an Amended Petition for Habeas Corpus as a Habeas Corpus action would have no merit.

In response to Mr. Panepinto's "Certificate of No Merit," the petitioner filed a motion for a change of court-appointed counsel.

By order entered on May 21, 2015, the circuit court denied the petitioner's motion for a change of court-appointed counsel.[3] In the same order, the court also denied the petitioner's habeas petition, finding it to be "without merit." This appeal followed.[4]

## II.  Standard of Review

■ Our standard of review is set forth in syllabus point one of *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006), which provides as follows:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

## III.  Discussion

■ The petitioner contends that the circuit court failed to make adequate findings of fact and conclusions of law justifying its denial of relief on the grounds asserted in his petition for a writ of habeas corpus as required by the West Virginia Post-Conviction Habeas Corpus Act, West Virginia Code §§ 53-4A-1 through -11 (2016) (hereinafter the "Act"). We agree. "West Virginia's post-conviction habeas corpus statute[s] . . . and the *Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia* [1999] ensure that a petitioner's due process

1.  The only error alleged in the petitioner's direct appeal concerned the circuit court's ruling that permitted the State to offer evidence at trial pursuant to Rule 404(b) of the West Virginia Rules of Evidence of the petitioner's prior conviction for sending explicit text messages and soliciting a minor. *State v. Watts*, No. 11-1643, 2013 WL 1632091 (W.Va. Apr. 16, 2013) (memorandum decision).

2.  *See* Syl. Pt. 1, *Gibson v. Dale*, 173 W.Va. 681, 319 S.E.2d 806 (1984) (explaining that our post-conviction habeas corpus statutes contemplate that persons convicted of crimes are ordinarily entitled to only one post-conviction habeas cor-

pus proceeding during which all known grounds for relief must be raised).

3.  The petitioner has not asserted any error with regard to the circuit court's denial of his motion to change his court-appointed counsel.

4.  The petitioner perfected this appeal with the filing of his pro se brief and appendix. By order entered on September 14, 2016, we scheduled this case for oral argument; ordered the Public Defender Services Appellate Division to provide counsel for the petitioner; and directed the parties to re-brief the matter with any necessary supplemental appendix.

rights are protected." *Markley v. Coleman*, 215 W.Va. 729, 732, 601 S.E.2d 49, 52 (2004). To that end, West Virginia Code § 53-4A-7c provides, in pertinent part:

> When the court [in a post-conviction habeas corpus proceeding] determines to deny or grant relief, as the case may be, the court shall enter an appropriate order.... In any order entered in accordance with the provisions of this section, the court shall make specific findings of fact and conclusions of law relating to each contention or contentions and grounds (in fact or law) advanced, shall clearly state the grounds upon which the matter was determined, and shall state whether a federal and/or state right was presented and decided.

In addition, Rule 4(c) of the Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia requires that a "summary dismissal order shall contain specific findings of fact and conclusions of law as to the manner in which each ground raised in the petition has been previously and finally adjudicated and/or waived."

■ In accordance with the Act and governing rules, this Court has held: "West Virginia Code section 53-4A-7(c) (1994) requires a circuit court denying or granting relief in a habeas corpus proceeding to make specific findings of fact and conclusions of law relating to each contention advanced by the petitioner, and to state the grounds upon which the matter was determined." Syl. Pt. 1, *State ex rel. Watson v. Hill*, 200 W.Va. 201, 488 S.E.2d 476 (1997); *see also Markley*, 215 W.Va. at 734, 601 S.E.2d at 54 ("In deciding to grant or deny relief, circuit courts must make adequate findings of fact and conclusions of law related to the petitioner's habeas corpus allegations."). In this case, the circuit court disposed of the petitioner's habeas petition through a single paragraph in its order, which reads as follows:

> Petitioner filed his Petition for Writ of Habeas Corpus on or about July 17, 2013. On or about August 16, 201[3], the Court entered an order converting Petitioner's Habeas Corpus Petition into an Omnibus Habeas Petition, and appointing Mark Panepinto, Esq. Mr. Panepinto is an active lawyer with numerous years of criminal defense experience. After a thorough review of [Petitioner's] Petition and the evidence in support thereof, Mr. Panepinto opined to the Court that there was no viable claim upon which to prosecute Petitioner's Petition for Writ of Habeas Corpus. Based upon his vast criminal experience and good-standing with the Court, the Court has accepted Mr. Panepinto's assessment of Petitioner's Habeas Corpus Petition. As a result, the Court **FINDS** that it would be a waste of judicial time and resources to appoint another attorney to prosecute the instant Habeas Corpus Petition. Accordingly, Petitioner's Motion for Change [of] Court-Appointed Counsel is hereby **DENIED**. Moreover, and based upon the strength of Mr. Panepinto's representations to the Court, the Court does hereby **DENY** Petitioner's Habeas Corpus Petition.

(Footnote omitted). Clearly, the circuit court's order fails to comply with West Virginia Code § 53-4A-7(c) as it is devoid of any findings of fact and conclusions of law addressing the grounds for habeas relief asserted by the petitioner and, instead, merely relies upon the representations made by the petitioner's habeas counsel.

"We previously have recognized that 'in most circumstances the failure to make specific findings of fact and conclusions of law regarding an issue raised in habeas proceedings ... necessitate[s] a remand[.]'" *Dennis v. State, Div. of Corrections*, 223 W.Va. 590, 593, 678 S.E.2d 470, 473 (2009) (quoting *State v. Warden, W. Va. Penitentiary*, 207 W.Va. 11, 19, 528 S.E.2d 207, 215 (1999)). As we explained in *Dennis*, when the circuit court's order lacks the requisite findings of fact and conclusions of law,

> [w]e only can speculate from the [petitioner's] brief and the State's response the possible bases for the circuit court's decision. However, "[t]he mission of the appellate judiciary is neither to mull theoretical abstractions nor to practice clairvoyance." *State v. Miller*, 194 W.Va. 3, 14, 459 S.E.2d 114, 125 (1995), *quoting Moore v. Murphy*, 47 F.3d 8, 10 (1st Cir. 1995).

*Dennis*, 223 W.Va. at 593, 678 S.E.2d at 473; *see also Ballard v. Hurt*, 230 W.Va. 374, 380, 738 S.E.2d 538, 544 (2012) (reversing order granting habeas relief based on ineffective assistance of counsel because "[t]his Court is unable to conduct a meaningful review" due to absence of findings of fact and conclusions of law); *Banks v. Trent*, 206 W.Va. 255, 257, 523 S.E.2d 846, 848 (1999) (reversing denial of habeas relief and remanding matter because "circuit court failed to make the legally mandated findings of fact and conclusions of law").

■ Given that the circuit court has not complied with the statutory obligation to articulate its reasons for denying the petitioner relief on each of the grounds asserted in his habeas petition, we must remand this matter to the circuit court for entry of an order setting forth the requisite findings of fact and conclusions of law. In reversing the circuit court's decision, we would be remiss if we did not also point out that the circuit court has a duty to make a determination regarding the merits of the petitioner's claims independent of the assessment of petitioner's court-appointed counsel. In that regard, this Court has held: "The obligation of a court-appointed attorney to his client is not discharged merely by his informing such client of his determination that an appeal is without merit and frivolous; it is the appellate court, not counsel, after a full examination of all the proceedings, which makes that determination." Syl. Pt. 3, *Turner v. Haynes*, 162 W.Va. 33, 245 S.E.2d 629 (1978).

■ In *Turner*, the petitioner had requested that his court-appointed attorney take the necessary steps to appeal his conviction of grand larceny. Although the petitioner's counsel timely filed a notice of intent to appeal, he subsequently determined there were no grounds for appeal and so informed the petitioner by letter, stating that if petitioner still desired to appeal, he would present the matter to the court and request new counsel to assist him. The petitioner never responded to the letter. Almost two years later, the petitioner filed a petition for a writ of habeas corpus in which he alleged a denial of his trial transcript in violation of constitutional due process. A hearing was held at which time the petitioner indicated he had never received the letter from his attorney informing him that there was no basis to appeal his conviction. Ultimately, the habeas court found the petitioner had not satisfied his burden of proving that he was denied a transcript and the right to appeal his conviction. *Id.* at 34-35, 245 S.E.2d at 629-30. Reversing that decision, this Court explained that

*Rhodes v. Leverette, Warden*, [160] W.Va. [781], 239 S.E.2d 136 (1977), held that it is not the role of defense counsel to determine whether a defendant's appeal from conviction is frivolous. In this holding the Court relied on *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Anders, an indigent, was convicted of a felony and sought an appeal. Counsel was appointed to prosecute his appeal, but, upon examining the record and consulting with his client, concluded that there was no merit to the appeal. He so advised the court and noted that Anders desired to file a brief in his own behalf; also, he requested the appointment of another attorney. The court denied the request for another attorney and Anders filed a brief pro se. His conviction was affirmed.

Approximately six years later Anders filed a petition for a writ of habeas corpus in the District Court of Appeal, claiming deprivation of the right to counsel in his original appeal. Upon denial of the application, he filed another petition in the Supreme Court of California. This petition was denied and the case was ultimately decided in the United States Supreme Court. That Court concluded that counsel's bare conclusion, as evidenced by his letter, was not enough. It noted that the "constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae." The no-merit letter to the court, said the Court, does not reach that dignity.

In *Anders* the Court acknowledged that counsel may withdraw if he finds the appeal to be "wholly frivolous", but that he must support his client's appeal to the best

of his ability and may withdraw only when [sic] permission of the court, after submitting a brief referring to any point in the record that might arguably support the appeal. His client should also be given an opportunity to study the brief and time to raise any points he chooses. The opinion then continued *"the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous."*

*Turner*, 162 W.Va. at 35-36, 245 S.E.2d at 630-31 (emphasis supplied). Just as an appellate court must determine the merits of an appeal after examining the underlying proceedings, a habeas court has a duty to fully examine the record before deciding whether any basis exists to afford relief to a habeas petitioner. As we have long held, "a court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing ... if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, in part, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973); *see also* W.Va. Code § 53-4a-7(a).

▬▬▬ Finally, we note that the petitioner has argued in this case that our law lacks clarity with respect to the obligations of a habeas attorney who has a reasonable and good faith belief that there is no basis to file a habeas petition and has urged this Court, through this appeal, to make Rule 10(c)(10)

of the Rules of Appellate Procedure applicable to circuit court habeas actions.[5] We decline to do so given that the procedure enunciated in *Anders* has been a part of our jurisprudence since *Rhodes*.[6] Moreover, we recently reiterated the requirements of *Anders* when we reminded counsel appearing before this Court that

[p]ursuant to principles contained in Rule 3.1 of West Virginia Rules of Professional Conduct, an appellate remedy should not be pursued unless counsel believes in good faith that error has been committed and there is a reasonable basis for the extension, modification, or reversal of existing law.

Syl Pt. 3, *State v. McGill*, 230 W.Va. 85, 736 S.E.2d 85 (2012). We explained that

[g]ood faith may at times be defined by the legal obligation of counsel to file a brief referring to any point in the record that might arguably support the appeal in instances where a criminal defendant insists upon appeal after being advised that the case is wholly frivolous. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *see also Turner v. Haynes*, 162 W.Va. 33, 245 S.E.2d 629 (1978), *Rhodes v. Leverette*, 160 W.Va. 781, 239 S.E.2d 136 (1977).

*McGill*, 230 W.Va. at 88 n.7, 736 S.E.2d at 88 n.7. In light of the foregoing, we find it unnecessary to extend Rule 10(c)(10) to circuit court proceedings.[7]

---

**5.** Rule 10(c)(10) of the Rules of Appellate Procedure, which became effective on January 1, 2016, provides direction to counsel appearing before this Court in criminal, habeas corpus, and abuse and neglect cases on how to proceed when their clients seek to advance arguments that counsel believes to be unreasonable and unwarranted.

**6.** In support of his argument for clarification concerning the duties of habeas counsel, the petitioner cited this Court's recent decision in *Gray v. Ballard*, No. 14-0836, 2015 WL 3952658 (W.Va. June 26, 2015) (memorandum decision), another case in which Mr. Panepinto, while representing the habeas petitioner, filed a similar "Certificate of No Merit." In that case, we affirmed the circuit court's finding that the petitioner's habeas petition was without merit because his only viable claim was ineffective assistance of trial counsel and the record clearly reflected that the petitioner " 'intentionally created a conflict' with his attorneys in his crimi-

nal matter." *Gray* at *3. We did not, however, express any approval with respect to the filing of the "Certificate of No Merit" or otherwise indicate that the document satisfied the standards of *Anders*. To the contrary, we noted,

Petitioner complains that inasmuch as they were appointed to represent him, Mr. Scheetz and Mr. Panepinto acted inappropriately in informing the circuit court that ethical constraints prevented them from raising unsupported claims on his behalf. However, as respondent warden notes, if petitioner wishes to file a subsequent petition alleging ineffective assistance of habeas counsel, he may due so pursuant to Syllabus Point 4 of *Losh v. McKenzie*, 166 W.Va. 762, 762-63, 277 S.E.2d 606, 608 (1981).

*Gray* at *3 n.4.

**7.** The petitioner has also asserted that Mr. Panepinto provided ineffective assistance of counsel by not adequately investigating his claims as

## IV. Conclusion

Accordingly, for the reasons set forth above, the May 21, 2015, final order is reversed, and this case is remanded for the circuit court's issuance of an order making specific findings of fact and conclusions of law to support its ruling.

Reversed and remanded with directions.

evidenced by the fact that Mr. Panepinto only met with him on one occasion for approximately an hour. We decline to address this issue because it is being raised for the first time in this appeal. "This Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance." Syl. Pt. 2, *Sands v. Security Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733 (1958). As we have explained, "the preferred way of raising ineffective assistance of habeas counsel is to file a subsequent petition for a writ of habeas corpus raising the issue in the court below." *McNemar v. Ballard*, No. 11-0606, 2012 WL 5990127, *5 (W.Va. Nov. 30, 2012) (memorandum decision); *see also* Syl. Pt. 4, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).