# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Larry Lynn Mitchell,**
**Petitioner Below, Petitioner**

**vs.) No. 19-0596** (Monongalia County 16-C-401)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**June 25, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Larry Lynn Mitchell, self-represented litigant, appeals the May 31, 2019, order of the Circuit Court of Monongalia County denying his amended petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Andrea Nease Proper, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 10, 2012, petitioner was indicted for the murder of his former daughter-in-law, the mother of petitioner's granddaughter. As found by the circuit court,

> On the day in question[,] the victim was picking up the child at Wal-Mart for an overnight visit when she was intercepted by . . . [p]etitioner who had been waiting for her in the parking lot. He walked to her vehicle and began shooting her. She ran until she fell to the ground; all the while being shot by . . . [p]etitioner who continued to shoot her until his gun was empty. The motive for the murder was the

1

family's disagreement with the [f]amily [l]aw [j]udge's decision to [o]rder the victim to have an overnight visit with her daughter. These facts are undisputed.[1]

At a December 7, 2012, plea and sentencing hearing, the State indicated that there was no plea agreement between the parties, but that petitioner would plead guilty to first-degree murder and each party would then argue as to whether petitioner should be sentenced to a life term of incarceration with or without the possibility of parole. The circuit court asked petitioner whether he was entering a guilty plea of his own free will. Petitioner answered, "Yes, sir." The circuit court inquired as to whether "anyone promised leniency or a lighter sentence to get you to enter this guilty plea." Petitioner responded, "No, sir, Your Honor."

After the entry of petitioner's guilty plea, which the circuit court accepted, petitioner presented mitigation evidence through both his testimony and the testimony of his wife. The circuit court found that "both [petitioner and his wife] were cross[-]examined regarding negative comments on recorded [jail] phone calls about the victim, the victim's family[,] and the [f]amily [l]aw [j]udge." By order entered on December 11, 2012, the circuit court sentenced petitioner to a life term of incarceration without the possibility of parole, finding that there was no evidence to support a recommendation of mercy.

On August 2, 2016, petitioner filed a petition for a writ of habeas corpus alleging that his trial counsel was ineffective because there was no binding plea agreement, which would require the circuit court to sentence petitioner to a life term of incarceration with the possibility of parole, and that his sentence was disproportionate to the offense. By order entered on August 3, 2016, the circuit court appointed habeas counsel for petitioner. By order entered on July 28, 2017, the circuit court allowed petitioner's first habeas counsel to withdraw and appointed new habeas counsel. On June 7, 2018, an amended habeas petition was filed on petitioner's behalf, alleging that petitioner's trial counsel was ineffective by failing to adequately investigate petitioner's case and by unnecessarily exposing petitioner to a life sentence of incarceration without the possibility of parole. Respondent filed a response to the amended petition on October 15, 2018.

The circuit court held an omnibus hearing on March 11, 2019, at which petitioner and his trial counsel testified.[2] By order entered on May 31, 2019, the circuit court denied the amended petition, finding that "[p]etitioner has not demonstrated that trial counsel's performance was deficient or that but for trial counsel's *alleged* errors the result of the sentencing hearing, or any aspect of the prosecution[,] would have been different." (Emphasis in original). The circuit court further found that there was no "new or additional evidence that could have been developed to persuade the [court] to provide him mercy in his life sentence."

---

[1]Petitioner's murder of his former daughter-in-law was captured on video surveillance.

[2] We note that there was no testimony regarding the alleged disproportionality of petitioner's sentence at the omnibus hearing. *See* Syl. Pt. 4, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981) (holding that "[w]hile our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence").

Petitioner appeals the circuit court's May 31, 2019, order. This Court reviews a circuit court order denying a petition for a writ of habeas corpus under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

On appeal, petitioner argues that the circuit court's denial of his amended habeas petition was erroneous. Respondent counters that the circuit court properly denied the amended petition. We agree with respondent.

We review ineffective assistance of counsel claims as follows:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). Furthermore,

> [i]n reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

Syl. Pt. 6, *id.* at 6-7, 459 S.E.2d at 117-18.

Here, the facts of the underlying criminal case are not disputed. Petitioner's trial counsel testified that there was no need to hire an investigator when "you can see [petitioner's crime] on [video surveillance] film." Furthermore, trial counsel adequately explained his decision not to have petitioner evaluated by a psychologist as any psychological evaluation of petitioner would have likely revealed that he lacked remorse for the murder given his belief that he was helping his granddaughter by killing the child's mother. Finally, trial counsel testified that he advised petitioner to plead guilty to first-degree murder so that the circuit court would make the decision regarding parole eligibility. We find that trial counsel was justifiably concerned that if a jury made

3

that determination, it would be swayed by emotion given the undisputed facts and circumstances of the case.

The fact that petitioner was sentenced to a life term of incarceration without the possibility of parole does not indicate that trial counsel was ineffective.[3] Rather, petitioner's and his wife's hostile attitudes toward the victim undermined their testimony at the sentencing hearing. On cross-examination, the State questioned petitioner and his wife about derogatory comments they made regarding the victim, the victim's family, and the judge in the child custody case involving the victim and petitioner's son.

"An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). With regard to habeas proceedings, we have stated that "[i]n cases where there is a conflict of evidence between defense counsel and the defendant, the circuit court's findings will usually be upheld." *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 327, 465 S.E.2d 416, 429 (1995).

At the omnibus hearing, petitioner testified that he did not recall the State's cross-examination of his wife and himself during sentencing and further testified that trial counsel led him to believe that he would be sentenced to a life term of incarceration with the possibility of parole. Petitioner indicated that trial counsel inferred that he had a special relationship with the circuit court judge, which would make a ruling in petitioner's favor likely. Trial counsel specifically denied those allegations, and the circuit court found that petitioner's testimony was contradicted by petitioner's response at the plea hearing that no one had promised him a lesser sentence to persuade him to plead guilty. Therefore, based on the foregoing, we conclude that the circuit court correctly found that trial counsel's performance was not deficient under an objective standard of reasonableness, as required under the first prong of the *Strickland/Miller* test.

Although unnecessary, the circuit court further determined that petitioner failed to meet the second prong of the *Strickland/Miller* test,[4] finding that even if trial counsel was deficient in some way, the outcome of the underlying criminal case would not be different. We note that the same

---

[3] Trial counsel testified that he explained to petitioner "[s]everal times" that it was extremely unlikely that petitioner would receive parole eligibility.

[4] In Syllabus Point 5 of *Legursky*, we held:

> In deciding ineffective . . . assistance claims, a court need not address both prongs of the conjunctive standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test.

*Id.* at 317, 465 S.E.2d at 419.

judge who presided in the habeas proceeding had a thorough knowledge of the criminal case because he presided in that proceeding as well. Here, a hearing was held on petitioner's claim of ineffective assistance of trial counsel, which was intertwined with the circuit court's decision regarding petitioner's parole eligibility. Given petitioner's brutal killing of his former daughter-in-law and his lack of remorse for the murder, the circuit court explicitly stated that nothing could persuade the court to reconsider its denial of parole eligibility for petitioner. Accordingly, we conclude that the circuit court's denial of the amended habeas petition did not constitute an abuse of its discretion.[5]

For the foregoing reasons, we affirm the circuit court's May 31, 2019, order denying petitioner's amended petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** June 25, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[5]On appeal, petitioner raises ineffective assistance of trial counsel claims that were not raised at the omnibus hearing. We decline to address those claims pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which provides, in pertinent part, that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal."

Petitioner further alleges that the two attorneys who were successively appointed as habeas counsel in the instant proceeding provided petitioner ineffective assistance. Respondent counters that petitioner prematurely raises the issue of ineffective assistance of habeas counsel. We agree with respondent and decline to address the issue. *See Watts v. Ballard*, 238 W. Va. 730, 735 n.7, 798 S.E.2d 856, 861 n.7 (2017) (finding that "the preferred way of raising ineffective assistance of habeas counsel is to file a subsequent petition for a writ of habeas corpus raising the issue in the court below") (Internal quotations and citations omitted).