**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Matthew Gates,
Petitioner Below, Petitioner

vs.) No. 20-0619 (Ohio County 19-C-30)

Shawn Straughn, Superintendent,
Northern Correctional Facility,
Respondent Below, Respondent

**MEMORANDUM DECISION**

Petitioner Matthew Gates, by counsel Michael B. Baum, appeals the Circuit Court of Ohio County's May 15, 2020, order denying his petition for a writ of habeas corpus. Respondent Shawn Straughn, Superintendent, Northern Correctional Facility,[1] by counsel Patrick Morrisey and Mary Beth Niday, filed a response supporting, in part, the circuit court's order and also requesting that the matter be remanded, in part, for an omnibus hearing on petitioner's claim of ineffective assistance of counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is affirmed, in part, and reversed, in part, and this case is remanded to the circuit court for the holding of an omnibus evidentiary hearing regarding petitioner's claim of ineffective assistance of counsel.

In May of 2016, petitioner was indicted on seven counts of sexual abuse by a custodian. Following a jury trial, petitioner was convicted of all counts on July 13, 2017. Thereafter, the circuit court imposed sentences of ten to twenty years of incarceration for each count, with the sentences to run consecutively. Petitioner was also required to serve fifty years of supervision upon his release and register as a sex offender for life. Following his conviction, petitioner appealed to this Court, and we affirmed his conviction. *State v. Gates*, No. 17-0905, 2018 WL 6131292 (Nov. 21, 2018)(memorandum decision).

---

[1]Petitioner originally listed Donnie Ames, Superintendent of Mt. Olive Correctional Complex, as respondent in this matter. Pursuant to Rule 41 of the West Virginia Rules of Appellate Procedure, the correct public officer has been substituted.

1

Thereafter, petitioner filed a petition for a writ of habeas corpus in which he, with the assistance of appointed counsel, set forth several grounds for relief, including ineffective assistance of trial and appellate counsel. Without holding an omnibus hearing, the circuit court denied the petition by order entered on May 15, 2020. It is from this order that petitioner appeals.

We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review. Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Watts v. Ballard*, 238 W. Va. 730, 798 S.E.2d 856 (2017).

On appeal, petitioner argues that it was error for the circuit court to deny his habeas petition without holding an omnibus evidentiary hearing in regard to his claims of ineffective assistance of counsel.[2] Respondent agrees and asks this Court to remand the matter to the lower court for further development during an omnibus evidentiary hearing. We agree that, under the limited facts of this case, further proceedings are necessary.

In support of his claim of ineffective assistance of trial counsel, petitioner alleged that counsel failed to investigate his alibi, subpoena witnesses, and search phone records from jail, among other issues. In denying the ineffective assistance claims, the circuit court found that "*if* defense counsel did not believe that [p]etitioner had a legitimate alibi defense, that he was sentenced excessively, that the jail phone records would bring anything useful, or that exculpatory evidence and favorable witnesses existed, *then* defense counsel and appellate counsel were correct in not pursuing" this evidence. (Emphasis added). This finding illustrates the exact purpose of an omnibus hearing on claims of ineffective assistance of counsel, as neither the court nor petitioner have any way of knowing *if* defense counsel held these beliefs absent direct testimony regarding counsel's strategic decisions.

---

[2]Petitioner's assignment of error does not specifically limit his appeal to only those claims of ineffective assistance of counsel. However, the argument presented in his brief before this Court addresses only the ineffective assistance of counsel claims. Accordingly, we decline to address the circuit court's denial of the remaining claims from the habeas petition below. *See* W. Va. R. App. P. 10(c)(7) ("The brief must contain an argument exhibiting clearly the points of fact and law presented . . . ."); *see also* W. Va. R. App. P. 10(j) ("The failure to file a brief in accordance with this rule may result in . . . the Supreme . . . imposing such other sanctions deemed appropriate."). Because petitioner raises no specific argument in regard to the circuit court's denial of his claims of consecutive sentences for the same transaction, illegal detention prior to arraignment, erroneous information in pre-sentence report, excessive amount or denial of bail, and improper venue, the circuit court's order denying relief in regard to these claims is affirmed.

2

Indeed, we have routinely explained that "the primary purpose of an omnibus hearing is grounded in providing the Court with evidence from 'the most significant witness, the trial attorney,' in order to give that individual 'the opportunity to explain the motive and reason behind his or her trial behavior.'" *Tex S. v. Pszczolkowski*, 236 W. Va. 245, 253-54, 778 S.E.2d 694, 702-03 (2015) (citation omitted). Further, we have stressed that this Court "intelligently cannot determine the merits of . . . ineffective assistance claim[s] without an adequate record giving trial counsel the courtesy of being able to explain his trial actions." *State v. Miller*, 194 W. Va. 3, 17, 459 S.E.2d 114, 128 (1995). In the order on appeal, the circuit court engages in speculation as to whether trial counsel held the opinions it believed necessary to determine that it was unnecessary to pursue certain evidence and further cites to no actual evidence in making its findings. On the contrary, the court holds petitioner responsible for the lack of evidence by finding that, "most importantly, [p]etitioner has not presented any objective, credible evidence to support any of his claims of ineffective assistance of counsel." It is clear that any evidence in support of these claims could only be developed at an omnibus hearing, as the issues turn on trial counsel's objective interpretations of the circumstances at trial. As such, we find that, under the limited facts of this case, it was error to summarily deny petitioner relief in regard to his ineffective assistance of counsel claims.[3]

For the foregoing reasons, we affirm, in part, the circuit court's May 15, 2020, order, and reverse, in part, and remand with instructions to hold an omnibus evidentiary hearing on petitioner's claims of ineffective assistance of counsel and to forthwith enter an order ruling on the petition thereafter.

Affirmed, in part, and reversed, in part, and remanded with directions.

**ISSUED**: September 20, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

---

[3]Because we are remanding the matter for the holding of an omnibus hearing and the entry of a new order following that hearing, it is unnecessary to address petitioner's second argument concerning the sufficiency of the circuit court's findings in the order on appeal.

3