# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Keith R. Jeffers,**
**Petitioner Below, Petitioner**

**vs)  No. 17-0490** (Kanawha County 17-P-84)

**Ralph Terry, Acting Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**March 23, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Keith R. Jeffers, pro se, appeals the May 9, 2017, order of the Circuit Court of Kanawha County denying his petition for writ of habeas corpus. Respondent Ralph Terry, Acting Warden, Mt. Olive Correctional Complex,[1] by counsel Gordon L. Mowen, II, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is affirmed, in part, and reversed, in part, and this case is remanded to the circuit court for specific findings of fact and conclusions of law regarding petitioner's claim of ineffective assistance of counsel.

Petitioner was convicted on January 28, 2008, of three counts of first-degree murder, one count of attempted first-degree murder, one count of attempted second-degree murder, two counts of malicious assault, and one count of burglary. With regard to the murder convictions, the jury did not recommend mercy. Accordingly, the circuit court sentenced petitioner to three life terms of incarceration without the possibility of parole and imposed the statutory maximum sentence for each of the other counts. The circuit court ordered that petitioner serve his sentences consecutively. Petitioner sought review of his convictions, but this Court refused his appeal by an order entered on June 3, 2009. The Supreme Court of the United States denied certiorari. *See Jeffers v. West Virginia*, 559 U.S. 1092 (2010).

---

[1]Since the filing of the appeal in this case, the warden at Mount Olive Correctional Complex has changed and the acting warden is now Ralph Terry. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

On May 26, 2010, petitioner filed his first petition for writ of habeas corpus, alleging four grounds of relief: (1) that a number of jurors were dismissed by the circuit court and the attorneys in advance of trial without petitioner's knowledge and without him being present; (2) that the circuit court erred in instructing the jury with regard to evidence of flight; (3) that the circuit court erred in not granting a continuance in order for the defense to locate a witness; and (4) that the circuit court erred in making various evidentiary rulings at trial. By order entered June 11, 2010, the circuit court denied habeas relief without a hearing, finding that the allegations regarding the dismissal of the jurors were untrue and that the other grounds lacked merit based upon the record before the court. Petitioner did not appeal the denial of his first habeas petition.

On October 22, 2010, petitioner filed his second habeas petition, alleging a total of seven grounds for relief. The first four grounds were the same four grounds that petitioner previously raised in his first habeas proceeding. However, the final three grounds set forth in the second habeas petition were new: (1) that the circuit court improperly interfered with the underlying criminal case against petitioner; (2) that the prosecutor engaged in misconduct; and (3) that petitioner's trial attorneys provided ineffective assistance. On October 25, 2010, the circuit court denied petitioner's second habeas petition without a hearing. Petitioner appealed the circuit court's October 25, 2010, order in *Jeffers v. Ballard*, No. 11-0433, 2012 WL 3031055 (W.Va. March 12, 2012) (memorandum decision). This Court affirmed the denial of habeas relief. *Id.* at *2.

On February 15, 2017, petitioner filed the instant habeas petition,[2] alleging five grounds of relief: (1) that petitioner's trial attorneys provided ineffective assistance; (2) that the prosecutor elicited false testimony from an expert witness; (3) that the two surviving victims misidentified petitioner as the shooter through overly suggestive photo arrays; (4) that insufficient evidence supported petitioner's convictions; and (5) that petitioner was denied due process at his trial because of the cumulative effective of various errors. The circuit court denied the instant habeas petition by order entered May 9, 2017, ruling as follows: "After careful review of [petitioner's petition], as well as the record before the [c]ourt, this [c]ourt finds that [petitioner's] contentions of fact and law fail to adequately support his grounds for extraordinary post-conviction relief."

Petitioner now appeals the circuit court's May 9, 2017, order denying the instant habeas petition. We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review. Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

---

[2]The doctrine of res judicata does not bar the instant petition because the first two such petitions were denied without a hearing or appointment of counsel. *See* Syl. Pt. 2, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

Syl. Pt. 1, *Watts v. Ballard*, 238 W.Va. 730, 798 S.E.2d 856 (2017). In syllabus point two of *Watts*, this Court reiterated as follows:

> "West Virginia Code section 53-4A-7(c) (1994) requires a circuit court denying or granting relief in a habeas corpus proceeding to make specific findings of fact and conclusions of law relating to each contention advanced by the petitioner, and to state the grounds upon which the matter was determined." Syl. Pt. 1, *State ex rel. Watson v. Hill*, 200 W.Va. 201, 488 S.E.2d 476 (1997).

*Id.* at 731, 798 S.E.2d at 857.

On appeal, petitioner argues that the circuit court erred in denying habeas relief without a hearing or appointment of counsel. Petitioner suggests that this Court cannot meaningfully review the denial of habeas relief because the circuit court failed to make specific findings of fact and conclusions of law to support its ruling. Petitioner argues that the circuit court's order should be reversed and the case remanded for further proceedings. If this Court does not determine that a habeas hearing and appointment of counsel are warranted at this time, petitioner argues that the circuit court should be directed to make sufficient findings of fact and conclusions of law.

Respondent concedes that the circuit court's order denying habeas relief is "sparse." However, respondent requests that we affirm the denial of habeas relief because petitioner's claims are without merit. To the extent that we determine that the circuit court's order is so insufficient that it cannot be upheld, respondent concedes that the appropriate remedy under *Watts* is to remand this case for the circuit court to make specific findings of fact and conclusions of law to support its ruling.

Except for petitioner's claim that he received ineffective assistance of counsel, we agree with respondent that a remand is not necessary in this case because the issues raised by petitioner are without merit *See State v. VanHoose*, 227 W.Va. 37, 50 n.39, 705 S.E.2d 544, 557 n.39 (2010) (finding that a remand was not necessary because the record was adequately developed in that case). Though not addressing each issue on an individual basis, the circuit court stated that it reviewed the instant petition and the record and found that both petitioner's factual assertions and legal arguments lacked merit. The judge who entered the May 9, 2017, order denying habeas relief was the same judge who presided at petitioner's trial. In *Watson*, we found that a judge who presided at trial is sufficiently familiar with the underlying proceedings to determine most habeas issues without a hearing. 200 W.Va. at 204, 488 S.E.2d at 479. Therefore, except for petitioner's ineffective assistance of counsel claim, we conclude that the record establishes that the circuit court's findings were sufficient to support the denial of the instant habeas petition as his other grounds for relief lacked merit.

With regard to the ineffective assistance of counsel claim, we reiterated in *Watson* that "[t]hose issues, such as incompetency of counsel, of which [the petitioner] would have been unaware at trial, must be litigated in a collateral proceeding." *Id.* (quoting *Losh v. McKenzie*, 166 W.Va. 762, 767, 277 S.E.2d 606, 610 (1981)). At the same time, we indicated that a hearing might not have been ordered if the circuit court had made findings adequate to show that the petitioner's

claim would have failed under the applicable *Strickland/Miller* standard for ineffective assistance,[3] stating that "[i]f that was the court's reasoning, it should have been included in the order[.]" *Id.* Therefore, we conclude that a remand is necessary for the circuit court to make specific findings of fact and conclusions of law regarding petitioner's ineffective assistance claim.

For the foregoing reasons, we affirm, in part, and reverse, in part, the May 9, 2017, order of the Circuit Court of Kanawha County and remand this case to the circuit court for specific findings of fact and conclusions of law as to whether petitioner's ineffective assistance claim fails under the applicable *Strickland/Miller* standard.

Affirmed, in part, Reversed, in part, and Remanded with Directions.

**ISSUED**:  March 23, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

---

[3] In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the following: (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995) (adopting *Strickland*).