# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Lawrence K. Hinkle,
**Petitioner Below, Petitioner**

**FILED**

**June 19, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 18-0420** (Mingo County 12-C-320)

**J.T. Binion, Superintendent,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner Lawrence K. Hinkle, pro se, appeals the April 9, 2018, order of the Circuit Court of Mingo County dismissing his petition for a writ of habeas corpus. Respondent J.T. Binion, Superintendent, Huttonsville Correctional Center,[1] by counsel Shannon Frederick Kiser, filed a summary response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal.[2] The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed, and this case is remanded to the circuit court for specific findings of fact and conclusions of law regarding petitioner's allegation that he received ineffective assistance of counsel in his first habeas corpus proceeding.

---

[1]Since the filing of the appeal in this case, the superintendent at Huttonsville Correctional Center has changed and the superintendent is now J.T. Binion. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W.Va. Code § 15A-5-3.

[2]The appellate record does not include the June 1, 1998, plea transcript, the July 20, 1998, sentencing transcript, or the circuit court's June 13, 2018, resentencing order. We hereby take judicial notice of those items from petitioner's criminal case, indictment nos. J98-F3 and J98-F27.

1

In 1998, petitioner was indicted on two counts of first-degree murder. The second killing occurred while petitioner was free on bond following the first killing. On June 2, 1998, petitioner entered into a plea agreement with the State. Pursuant to the plea agreement, petitioner agreed to plead guilty to voluntary manslaughter with regard to the first killing and to first-degree murder with regard to the second killing in exchange for a recommendation of mercy. The State further agreed to make a non-binding recommendation that petitioner serve his sentences of incarceration concurrently. At a June 1, 1998, plea hearing, the circuit court questioned petitioner as to whether those terms constituted the entirety of the parties' agreement and whether petitioner was promised anything not contained within the plea agreement:

> Q.    Now that I have read to you the plea letter of June 1st in open court in its entirely, is that the entire agreement that you have with the State of West Virginia?
>
> A.    Yes, sir.
>
> Q.    Is there anything else whatsoever that you think has been promised to you or that's a part of your plea agreement that is not set forth in this letter.
>
> A.    No.

Following its full colloquy with petitioner,[3] the circuit court found that he voluntarily, intelligently, and knowingly entered a guilty plea to the offense of voluntary manslaughter with regard to the first killing and a guilty plea to the offense of first-degree murder with regard to the second killing. At a July 20, 1998, sentencing hearing, petitioner's trial attorney informed the circuit court that petitioner was initially reluctant to accept the plea agreement because he did not believe that he deserved a plea bargain, but that petitioner's friend helped to persuade him to agree to the State's plea offer. Trial counsel explained:

> . . . I went to a family friend of [petitioner] and together we talked to him, cried, talked, cried, and it ended up that [trial counsel's husband] was right. [Petitioner] didn't think he deserved the deal. The reason this finally ended in a plea is because [petitioner] seemed to realize that this plea offer not only was for him[,] it was also for members of both families and his family.

The circuit court sentenced petitioner to a life term of incarceration for his first-degree murder conviction, with the possibility of parole, and to fifteen years for his voluntary manslaughter conviction.[4] Petitioner did not file an appeal in his criminal case.

---

[3]*See Call v. McKenzie*, 159 W. Va. 191, 220 S.E.2d 665 (1975).

[4]The circuit court ordered that petitioner serve his sentences consecutively. However, by resentencing order entered June 13, 2018, the circuit court imposed concurrent sentences, noting that the State "agreed with the [c]ourt running the sentences concurrently."

On January 10, 2011, petitioner filed a petition for a writ of habeas corpus. The petition was filed by Attorney Charles S. West, whom petitioner's family retained to represent him in his first habeas proceeding. Petitioner identifies Attorney West as the family friend who helped to persuade him to agree to the State's plea offer in his criminal case. In the first habeas proceeding, the circuit court held an evidentiary hearing on May 31, 2011. Attorney West presented the testimony of several witnesses including petitioner and petitioner's trial counsel. Among the grounds for relief raised by Attorney West were that petitioner's guilty pleas should be found invalid and that the plea agreement should be voided.[5] However, neither petitioner nor Attorney West informed the circuit court of Attorney West's involvement in persuading petitioner to accept the plea agreement. By order entered June 10, 2011, the circuit court rejected petitioner's grounds for relief and denied his petition for a writ of habeas corpus. Petitioner did not appeal the denial of his first petition.

On December 13, 2012, petitioner filed a second habeas petition alleging ineffective assistance of habeas counsel. Petitioner was appointed counsel, who filed an amended petition on March 12, 2018. Petitioner argued that Attorney West had a conflict of interest that he should have disclosed to the circuit court in the prior habeas proceeding. Petitioner alleged that, in persuading petitioner to accept the plea agreement, Attorney West told him that, after petitioner served ten years of incarceration, Attorney West would "do something to get him released."[6] Following a March 13, 2018, hearing, the circuit court dismissed the petition, finding that petitioner had "no new grounds [for relief]."[7]

Petitioner now appeals the circuit court's April 9, 2018, order dismissing the instant habeas petition. In Syllabus Point 1 of *Watts v. Ballard*, 238 W. Va. 730, 798 S.E.2d 856 (2017), we held:

---

[5]Petitioner's other grounds for relief in his first habeas proceeding were: (1) excessive charges brought by the prosecutor; (2) substantial rights prejudiced by trial court errors; (3) insufficient evidence; (4) appropriate deadly force used against intruder(s); and (5) ineffective assistance of trial counsel.

[6]We note that, prior to its amendment in 1994, West Virginia Code § 62-3-15 provided that persons convicted of first-degree murder with a recommendation of mercy were eligible for parole after serving ten years of incarceration. However, due to the amendment, West Virginia Code § 62-3-15 now requires persons convicted under this statute to serve fifteen years of incarceration before becoming eligible for parole.

[7]In addition to ineffective assistance of habeas counsel, in his second habeas petition, petitioner raised other grounds for relief: (1) excessive charges brought by the prosecutor; (2) ineffective assistance of trial counsel; and (3) severer sentence than expected. On appeal, petitioner does not raise the claim of severer sentence than expected and acknowledges that his ability to raise other claims that were either adjudicated or waived in the first habeas proceeding depends on whether he can show that Attorney West provided ineffective assistance in that proceeding. Therefore, we will focus our analysis solely on the claim of ineffective assistance of habeas counsel.

In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review. Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

In Syllabus Point 2 of *Watts*, we reiterated:

"West Virginia Code section 53-4A-7(c) (1994) requires a circuit court denying or granting relief in a habeas corpus proceeding to make specific findings of fact and conclusions of law relating to each contention advanced by the petitioner, and to state the grounds upon which the matter was determined." Syl. Pt. 1, *State ex rel. Watson v. Hill*, 200 W. Va. 201, 488 S.E.2d 476 (1997).

*Id.* at 731, 798 S.E.2d at 857.

On appeal, petitioner argues that the circuit court's failure to provide specific findings of fact and conclusions of law prevents meaningful appellate review of his claim that Attorney West had a conflict of interest in the first habeas proceeding. Respondent counters that petitioner has waived this claim because he knew of the alleged conflict at the time Attorney West represented him in the prior proceeding. Respondent further argues that, even if the allegations are true, they do not amount to ineffective assistance because Attorney West was advising petitioner as a friend when he helped to persuade petitioner to accept the plea agreement. This Court cannot discern whether the circuit court agreed with either of respondent's arguments because the court made no findings other than to state (incorrectly) that petitioner raised "no new grounds [for relief]." As respondent concedes, under Syllabus Point 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), a prisoner may raise an ineffective assistance of habeas counsel claim in a successive petition. Therefore, based on our review of the record, we reverse the circuit court's dismissal of the second habeas petition and remand the case to the circuit court for specific findings of fact and conclusions of law regarding petitioner's claim that he received ineffective assistance in his first habeas proceeding.

For the foregoing reasons, we reverse the April 9, 2018, order of the Circuit Court of Mingo County and remand the case to the circuit court for further proceedings consistent with this memorandum decision.

Reversed and Remanded with Directions.

**ISSUED**: June 19, 2019

4

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISSENTING:**

Justice Tim Armstead