# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**March 13, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**John Workman,**
**Petitioner Below, Petitioner**

**vs.) No. 18-1119** (Raleigh County 18-C-119-B)

**Karen Pszczolkowski, Superintendent,**
**Northern Correctional Facility,**
**Respondent Below, Respondent**


# MEMORANDUM DECISION


Petitioner John Workman, self-represented litigant, appeals the November 29, 2018, order of the Circuit Court of Raleigh County dismissing his petition for a writ of habeas corpus. Respondent Karen Pszczolkowski, Superintendent, Northern Correctional Facility, by counsel Elizabeth Grant, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 23, 1998, petitioner killed his former girlfriend, Olivia Mize, by shooting her in the head and, the next day, returned to Ms. Mize's residence to steal her personal property. On August 27, 1998, petitioner gave two statements to the police, in which he incriminated himself. In January of 1999, the Raleigh County grand jury indicted petitioner on one count of first-degree murder with a firearm, one count of burglary, one count of forgery of a credit card, two counts of forgery of a check, two counts of uttering a check, and one count of grand larceny.

The parties entered into a plea agreement that was binding on the circuit court. Petitioner pled guilty to all counts of the indictment in exchange for the State's agreement that the appropriate disposition of the murder charge was a life sentence of incarceration, with the possibility of parole.

1

As a part of his plea, petitioner signed a statement indicating that his trial counsel consulted with him and "fully explained the nature and meaning of the charges in the indictment[.]" Petitioner further stated that trial counsel represented him "to [his] complete and total satisfaction[.]"

The circuit court accepted the plea agreement and accordingly sentenced petitioner to a life term of incarceration with the possibility of parole for his first-degree murder conviction. The circuit court further sentenced petitioner to terms of one to ten years of incarceration for his other convictions and ordered that all of the sentences run consecutively to each other and consecutively to a separate sentence out of Marshall County, West Virginia.[1] Petitioner did not file an appeal from the circuit court's February 9, 1999, sentencing order.

Over nineteen years later, on March 1, 2018, petitioner filed a petition for a writ of habeas corpus in the circuit court. Petitioner raised two interrelated grounds for relief: (1) that the circuit court did not have jurisdiction of petitioner's case because he was denied his right to effective assistance of counsel; and (2) that trial counsel provided ineffective assistance because he failed to investigate voluntary intoxication and diminished capacity as possible defenses and to advise petitioner that either defense would have reduced the first-degree murder charge to second-degree murder.

By order entered on November 29, 2018, the circuit court construed the two grounds for relief as a single claim alleging ineffective assistance of trial counsel. The circuit court rejected petitioner's contention that he would have insisted on proceeding to trial but for counsel's failure to investigate voluntary intoxication and diminished capacity as possible defenses and to advise petitioner that either defense would have reduced the first-degree murder charge to second-degree murder. The circuit court found that neither of those defenses applied to petitioner's case because his statements to the police showed that he engaged in premeditated and deliberate acts that reflected a specific intent to kill at the time of the murder. The circuit court explained:

> [Petitioner] knew that the victim kept guns in a locked cabinet in her house. He went to the victim's house, broke into her gun cabinet, removed a weapon, discovered that it was not loaded, located . . . the bullets on the top of the cabinet, persuaded the victim to go with him in her car, drove to the location of the homicide, loaded the gun, considered using it on himself, and shot the victim in the head.

Accordingly, the circuit court determined that the appointment of habeas counsel was not necessary and summarily dismissed petitioner's petition.

Petitioner now appeals the circuit court's November 29, 2018, order. This Court reviews circuit court orders denying habeas relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard;

---

[1]The record does not disclose the nature of petitioner's Marshall County conviction.

the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). In Syllabus Point 3 of *Anstey*, we held:

> "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W. Va. 698, 601 S.E.2d 18 (2004).

*Id.* at 412, 787 S.E.2d at 864.

On appeal, petitioner argues that the circuit court erred in dismissing his habeas petition without a hearing or the appointment of counsel.[2] Respondent counters that the circuit court properly dismissed the petition in accordance with this Court's decision in *Perdue* and its progeny. We agree with respondent.

In Syllabus Points 3 and 6 of *State ex rel. Vernatter v. Warden, West Virginia Penitentiary*, 207 W. Va. 11, 528 S.E.2d 207 (1999), we held:

> "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus point 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

> . . . .

---

[2]Petitioner further argues that the circuit court should have addressed his "motion" for a copy of his criminal case file. "To preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect." Syl. Pt. 2, *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 470 S.E.2d 162 (1996). Here, we find that the record does not support petitioner's assertion that he made a motion for a copy of his criminal case file. Rather, petitioner included such a request in the *last* paragraph of his habeas petition where the circuit court was able to resolve the petition's one substantive claim on the record before it. Therefore, we decline to consider petitioner's assignment of error that the circuit court erred in not addressing the "motion" for a copy of his criminal case file given his failure to articulate the request with such sufficient distinctiveness to alert the circuit court to the issue.

In cases involving a criminal conviction based upon a guilty plea, the prejudice requirement of the two-part test established by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), demands that a habeas petitioner show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

"Failure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim." *Id.* at 17, 528 S.E.2d at 213 (citing *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 321, 465 S.E.2d 416, 423 (1995)).

Here, petitioner concedes that he would have pled guilty and not insisted on going to trial, stating that his police statements "establishe[d] an essential element of the crime." Based on our review of the record, we accept petitioner's concession and conclude that the circuit court did not err in finding petitioner's ineffective assistance claim lacked merit.

Given his concession regarding his police statements, petitioner argues in his reply that trial counsel was ineffective in failing to file a motion to suppress those statements. "This Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance." *Watts v. Ballard*, 238 W. Va. 730, 735 n.7, 798 S.E.2d 856, 861 n.7 (2017) (quoting Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958)); *see* Syl. Pt. 2, *Cooper*, 196 W. Va. at 210-11, 470 S.E.2d at 164-65. Here, because petitioner did not raise this issue with the circuit court, we decline to address it on appeal. Therefore, we conclude that the circuit court did not abuse its discretion in dismissing petitioner's habeas petition.

For the foregoing reasons, we affirm the circuit court's November 29, 2018, order dismissing petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: March 13, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins

**DISQUALIFIED:**

Justice John A. Hutchison

4