# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Kenneth Eugene Carter,**
**Petitioner Below, Petitioner**

**vs)   No. 17-0457** (Kanawha County 15-P-88)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**June 17, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Kenneth Eugene Carter, by counsel Elizabeth G. Kavitz, appeals two orders of the Circuit Court of Kanawha County. In an April 20, 2017, order, the circuit court dismissed his petition for a writ of habeas corpus without prejudice, and in a May 3, 2017 order, denied petitioner's request to vacate the prior dismissal order. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex,[1] by counsel Shannon Frederick Kiser, filed a summary response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 20, 2011, petitioner used a baseball bat to attack the two men with whom he was temporarily living. The first victim died as the result of the attack, and the second victim suffered an open right frontal skull fracture, a right tibial fracture, and a right clavicle fracture. In May of

---

[1]Since the filing of the appeal in this case, the superintendent at Mount Olive Correctional Complex has changed and the superintendent is now Donnie Ames. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W.Va. Code § 15A-5-3.

1

2012, following a jury trial, petitioner was convicted of first-degree murder and malicious wounding. The jury did not recommend mercy on the murder charge. Accordingly, the circuit court sentenced petitioner to a life term of incarceration without the possibility of parole for his murder conviction and to a consecutive term of two to ten years for his malicious wounding conviction.

Petitioner appealed his convictions in *State v. Carter*, 232 W. Va. 97, 750 S.E.2d 650 (2013),[2] arguing that: (1) the circuit court erred by denying petitioner's pretrial motion to dismiss the indictment; (2) the evidence was insufficient to sustain the charges submitted to the jury; (3) the circuit court erred by permitting the State to introduce two prior acts of violence that he committed against the murder victim pursuant to Rule 404(b) of the West Virginia Rules of Evidence; (4) the prosecutor made improper statements during the trial; (5) the circuit court erred by ruling that the prosecutor did not have a conflict of interest because he was also prosecuting "the jailhouse snitch" who testified against petitioner; (6) the circuit court erred by not dismissing the jury venire during voir dire for "contamination"; (7) the circuit court erred by denying petitioner's "motion to interrogate the jury foreman"; and (8) the circuit court erred by denying petitioner's motion for a new trial on the basis that it was discovered during trial that twenty swabs of DNA had not been tested. This Court rejected petitioner's assignments of error and affirmed his convictions and sentences. *Id.* at 101-04 and n.4, 750 S.E.2d at 654-57 and n.4. In so doing, this Court noted that "although represented by [appellate] counsel, [petitioner] submitted pro se filings." *Id.* at 99 n.1, 750 S.E.2d at 652 n.1.

On March 10, 2015, petitioner filed a petition for a writ of habeas corpus, alleging: (1) ineffective assistance of trial counsel; (2) improper admission of Rule 404(b) evidence; (3) defective indictment; and (4) erroneous refusal by this Court of petitioner's petition for rehearing as untimely filed in *Carter*.[3] By order entered April 9, 2015, the circuit court appointed an attorney to represent petitioner in the habeas proceeding and directed that an amended petition be filed within ninety days of the entry of its order. However, no amended habeas petition was ever filed.

The relationship between petitioner and his habeas attorney quickly broke down. On September 18, 2015, petitioner filed, pro se, a request for the appointment of new counsel. The circuit court denied petitioner's request on November 18, 2015, finding that there was no justification to grant it. The record reflects that petitioner's habeas attorney formulated four grounds to be raised in an amended petition: (1) that the State committed spoliation with regard to possible DNA evidence that was never tested; (2) that trial counsel provided ineffective assistance; (3) that the State knowingly used perjured testimony; and (4) prejudicial pretrial publicity. By letters dated March 15, 2016, and April 11, 2016, habeas counsel requested petitioner to inform him of other issues petitioner wanted to raise. In the March 15, 2016, letter, habeas counsel stated that he could not proceed with the case "unless [he] hear[d] back from [petitioner]." In the April

---

[2]We take judicial notice of the appellate record in *Carter*.

[3]The record from *Carter* reflects that this Court refused to accept petitioner's rehearing petition for filing given its untimeliness.

11, 2016, letter, habeas counsel warned petitioner that a failure to cooperate "may result in [the] dismissal of [petitioner's] case[.]"

On April 5, 2017, respondent filed a motion to dismiss petitioner's habeas case without prejudice given that the failure to file an amended petition violated the circuit court's April 9, 2015, order.[4] The circuit court granted respondent's motion on April 20, 2017, finding that a dismissal without prejudice was warranted for the reasons set forth in the motion to dismiss, "as well as grounds appearing in the record of this matter." On May 2, 2017, petitioner filed, pro se, a request to vacate the April 20, 2017, dismissal order. On May 3, 2017, the circuit court ruled that "after giving due and mature consideration to said written request, the [c]ourt is of the opinion that a hearing is not necessary in order for the [c]ourt to make a decision in this matter and good cause or other justification does not exist to grant said request." Petitioner now appeals the circuit court's April 20, 2017, dismissal order and its May 3, 2017, denial of his request to vacate the April 20, 2017, order.[5]

In Syllabus Point 1 of *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016), we held:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

On appeal, petitioner concedes that his failure to comply with his attorney's requests for information and direction regarding the claims to be raised in an amended petition prevented habeas counsel from effectively representing him.[6] Nevertheless, petitioner argues that the circuit court erred in dismissing his habeas petition without prejudice. Respondent counters that a dismissal without prejudice was proper. We agree with respondent.

Petitioner argues that the allegations set forth in his initial petition and its supplements

---

[4]Petitioner filed, pro se, supplements to his habeas petition on March 17, 2016, and April 27, 2016, that will be discussed below.

[5]By order entered September 7, 2017, this Court temporarily remanded the case to the circuit court for the limited purpose of appointing appellate counsel for petitioner. The circuit court appointed an attorney to represent petitioner on appeal by order entered on September 13, 2017.

[6]To the extent that petitioner raises a claim of ineffective assistance of habeas counsel on appeal, we decline to address that issue in the same proceeding in which habeas counsel represented him before the circuit court. *See Watts v. Ballard*, 238 W. Va. 730, 735 n.7, 798 S.E.2d 856, 861 n.7 (2017) (finding that "the preferred way of raising ineffective assistance of habeas counsel is to file a subsequent petition for a writ of habeas corpus raising the issue in the court below") (Internal quotations and citations omitted.).

were sufficient to entitle him to an evidentiary hearing on the claims raised therein. *See* Syl. Pt. 2, *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981) (holding that an omnibus habeas corpus proceeding is generally comprised of appointment of counsel and an evidentiary hearing). Here, in the pro se supplements, petitioner elaborated on his claim that trial counsel was ineffective; therefore, it is petitioner's habeas petition in which he set forth his grounds for relief: (1) ineffective assistance of trial counsel; (2) improper admission of Rule 404(b) evidence; (3) defective indictment; and (4) erroneous refusal by this Court of petitioner's petition for rehearing as untimely filed in *Carter*. Both improper admission of Rule 404(b) evidence and defective indictment were issues adjudicated in *Carter*. *See* 232 W. Va. at 101-02 and 103-04, 750 S.E.2d at 654-55 and 656-57. We find petitioner's argument that our refusal to accept his untimely petition for rehearing violated his due process rights to be frivolous.

The claim of ineffective assistance of trial counsel supported the circuit court's appointment of an attorney to represent petitioner in this habeas case given that certain issues, "such as incompetency of counsel, of which [the defendant] would have been unaware at trial, must be litigated in a collateral proceeding." *Losh*, 166 W. Va. at 767, 277 S.E.2d at 610. However, in arguing that trial counsel was ineffective in his initial petition, petitioner alleged that he became convinced that a witness's trial testimony was false when he realized that it came "out of a scene" of a film he recently watched. Given such a frivolous allegation, we find that nothing in the pro se pleadings warranted the holding of an evidentiary hearing. *See Id.* at 771, 277 S.E.2d at 612 (finding that an assertion of a claim without adequate factual support "does not justify . . . the holding of a hearing").

Finally, petitioner argues that the circuit court's findings were insufficient to support the dismissal of his habeas petition. We disagree. In syllabus point three of *Anstey*, we reiterated that a habeas court may dispose of a petition without a hearing "if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." 237 W. Va. at 412, 787 S.E.2d at 866 (Internal quotations and citations omitted.). Here, in its May 3, 2017, order, the circuit court specifically found that it could dispose of this matter without a hearing. We determine that this finding was sufficient to support the dismissal of the habeas petition given that the allegations in petitioner's pro se pleadings did not warrant a hearing and that petitioner's failure to cooperate with his attorney prevented the filing of an amended petition. We note that, as reflected by the dismissal without prejudice, petitioner is permitted to file subsequent habeas petitions given that there was no evidentiary hearing in this case. *See Losh*, 166 W.Va. at 762, 277 S.E.2d at 608, syl. pt. 2. Therefore, based on our review of the record, we find that the circuit court did not err in dismissing the habeas petition under the facts and circumstances of this case where the court designated its dismissal as without prejudice.

For the foregoing reasons, we affirm both the circuit court's April 20, 2017, order dismissing petitioner's petition for a writ of habeas corpus without prejudice and its May 3, 2017, order, denying his request to vacate the April 20, 2017, dismissal order.

Affirmed.

**ISSUED**: June 17, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison