# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Steven Lee Mahood,**
**Petitioner Below, Petitioner**

**vs.) No. 19-0230** (Jackson County 18-C-83)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**
**June3, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Steven Lee Mahood, self-represented, appeals the February 19, 2019, order of the Circuit Court of Jackson County summarily dismissing his second petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Holly M. Flanigan, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2009, a Jackson County grand jury indicted petitioner on the charge of first-degree murder of his wife. Following a four-day trial, the jury convicted petitioner of first-degree murder without a recommendation of mercy. Thereafter, the circuit court sentenced petitioner to a life term of incarceration without the possibility of parole. Petitioner filed a direct appeal, and this Court affirmed petitioner's conviction. *See State v. Mahood* ("*Mahood I*"), 227 W. Va. 258, 708 S.E.2d 322 (2010). On December 29, 2010, petitioner filed his first petition for a writ of habeas corpus in the circuit court. Petitioner was denied habeas corpus relief, and this Court affirmed that denial in 2015. *See Mahood v. Ballard* ("*Mahood II*"), No. 14-0026, 2015 WL 1244343 (W. Va. Mar. 16, 2015) (memorandum decision).

1

On September 28, 2018, petitioner, pro se, filed a second habeas petition in the circuit court, reiterating his claims from *Mahood II* and arguing that habeas counsel was ineffective in not adequately raising the claims of prejudicial pretrial publicity and diminished mental capacity. By order entered on February 19, 2019, the circuit court rejected petitioner's argument that habeas counsel provided ineffective assistance in *Mahood II*. Given the first habeas proceeding in *Mahood II*, the circuit court further found that the doctrine of res judicata precluded petitioner from asserting "all matters [previously] raised and as to all matters known or with reasonable diligence could have been known." Accordingly, the circuit court summarily dismissed petitioner's second habeas petition.

Petitioner now appeals the circuit court's February 19, 2019, order. This Court reviews appeals from circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1 of *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). However, because we have before us the dismissal of petitioner's *second* habeas petition, we first consider the application of Syllabus Point 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981):

> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly[-]discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

Petitioner argues that the doctrine of res judicata does not apply to this case by alleging that he was not advised of his obligation under *Losh* to raise all applicable habeas grounds in the omnibus proceeding or have them deemed waived. Petitioner points to the absence of a *Losh* list in *Mahood II*. As we explained in *Mahood II*, "[t]he checklist of grounds typically used in habeas corpus proceedings, commonly known as 'the *Losh* list,' originates from [our decision in *Losh*]" 2015 WL 1244343, at *1 n.2. We find that the absence of a *Losh* list cannot be attributed to the circuit court as, prior to the September 10, 2013, omnibus hearing in *Mahood II*, the court "granted petitioner an additional thirty days to file a final petition and a '*Losh* list'" in April of 2013. *Id.* at *1. Our decision in *Mahood II* further reflects that petitioner already knew to raise all applicable claims in the omnibus proceeding because, "[a]lthough still represented by counsel, petitioner, pro se, in February of 2013, filed a document titled 'supplemental claims to be added to amended petition for writ of habeas corpus.'" *Id.* Therefore, we find that the circuit court did not err in finding that the doctrine of res judicata applies to this case.

Petitioner further argues ineffective assistance of habeas counsel as an exception to the application of the doctrine of res judicata.[1] Respondent counters that the two ineffective assistance claims asserted in the instant petition were previously raised by habeas counsel. We agree with respondent as our decision in *Mahood II* reflects that the claims of prejudicial pretrial publicity and diminished mental capacity were raised and adjudicated. Therefore, we find that the circuit court did not err in rejecting the two claims of ineffective assistance of habeas counsel asserted in the instant petition.[2] Accordingly, we conclude that the circuit court did not abuse its discretion in summarily dismissing petitioner's second habeas petition.

For the foregoing reasons, we affirm the circuit court's February 19, 2019, order summarily dismissing petitioner's second petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: June 3, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins

**DISQUALIFIED**:
Justice John A. Hutchison

---

[1] In Syllabus Point 5 of *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), we held:

In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

[2] To the extent that petitioner alleges additional instances of ineffective assistance of habeas counsel on appeal, we decline to address those claims as they were not presented to the circuit court. *See Watts v. Ballard*, 238 W. Va. 730, 735 n.7, 798 S.E.2d 856, 861 n.7 (2017) ("This Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance.") (quoting Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958)).