# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Harry A. Barron,**
**Petitioner Below, Petitioner**

**vs.) No. 19-0338** (Mercer County 18-C-325-DS)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**
**June 3, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Harry A. Barron, self-represented, appeals the February 27, 2019, order of the Circuit Court of McDowell County denying his fourth petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Benjamin F. Yancey, III, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 1998, petitioner was convicted of first-degree murder in the Circuit Court of Mercer County. The jury did not make a recommendation of mercy; therefore, the circuit court sentenced petitioner to a life term of incarceration without the possibility of parole. Petitioner filed an appeal which was refused by this Court. Subsequently, petitioner had hearings in three separate habeas corpus proceedings in the circuit court.

Petitioner received his omnibus hearing on June 29, 2001, at which he and his two trial

1

counsel were among several witnesses who testified. Petitioner testified that the State made a plea offer to be communicated to him prior to trial. Both of petitioner's trial counsel testified that the State never made a plea offer. Petitioner's habeas counsel further questioned his lead trial counsel regarding whether the prosecutor made certain remarks during closing arguments that allegedly shifted the burden of proof onto petitioner. Petitioner's lead trial counsel testified that the prosecutor's remarks could be construed as that type of an argument.

Also, at the hearing, the circuit court advised petitioner of his obligation to raise all applicable habeas grounds in the omnibus proceeding or have them be deemed waived. The circuit court then asked petitioner if he desired to raise additional issues other than those already presented. Petitioner answered, "I can't think of anything else." By order entered January 9, 2002, the circuit court rejected petitioner's claims, finding *inter alia* that there was no plea offer made before trial and that the prosecutor's remarks were not improper, and denied habeas relief. This Court refused petitioner's appeal from the January 9, 2002, order on January 22, 2003.

Next, petitioner had a habeas proceeding pursuant to this Court's decision in *In re Renewed Investigation of State Police Crime Laboratory, Serology Division* ("*Zain III*"), 219 W. Va. 408, 633 S.E.2d 762 (2006). Following a December 7, 2007, hearing, the circuit court entered an order on January 4, 2008, in which it determined that petitioner was not entitled to relief pursuant to *Zain III*.[1] Finally, petitioner filed a petition for a writ of habeas corpus on February 18, 2009, alleging that his habeas counsel provided ineffective assistance at his 2001 omnibus hearing. The circuit court held an evidentiary hearing on that issue on May 13, 2009. By order entered on August 5, 2009, the circuit court rejected petitioner's contention that habeas counsel was ineffective in his omnibus proceeding and denied his third habeas petition. This Court refused petitioner's appeal from the August 5, 2009, order on October 28, 2010.

On December 3, 2018, petitioner filed his fourth habeas petition.[2] Petitioner renewed his

---

[1]In Syllabus Point 4 of *In re Renewed Investigation of State Police Crime Laboratory, Serology Division* ("*Zain III*"), 219 W. Va. 408, 633 S.E.2d 762 (2006), this Court held:

> A prisoner against whom a West Virginia State Police Crime Laboratory serologist, other than Fred Zain, offered evidence and who challenges his or her conviction based on the serology evidence is to be granted a full habeas corpus hearing on the issue of the serology evidence. The prisoner is to be represented by counsel unless he or she knowingly and intelligently waives that right. The circuit court is to review the serology evidence presented by the prisoner with searching and painstaking scrutiny. At the close of the evidence, the circuit court is to draft a comprehensive order which includes detailed findings as to the truth or falsity of the serology evidence and if the evidence is found to be false, whether the prisoner has shown the necessity of a new trial based on the five factors set forth in the syllabus of *State v. Frazier*, 162 W. Va. 935, 253 S.E.2d 534 (1979).

[2]Petitioner styled the fourth habeas petition as a "motion for petition for writ of habeas corpus."

argument that the prosecutor's remarks during closing arguments were improper by alleging that they constituted a comment on his decision not to testify at trial. Given that petitioner previously argued that the prosecutor's remarks were improper in his omnibus proceeding, the circuit court first found that the issue was barred by the doctrine of res judicata. Second, the circuit court further found that even if the single ground for relief could be interpreted as a new issue, it was still barred by the doctrine of res judicata because petitioner was advised at the omnibus hearing to raise all applicable grounds or have them deemed waived. Therefore, by order entered on February 27, 2019, the circuit court denied the fourth habeas petition.

Petitioner now appeals the circuit court's February 27, 2019, order. This Court reviews circuit court orders denying habeas relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). However, because we have before us the dismissal of petitioner's *fourth* habeas petition, we first consider the application of Syllabus Point 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981):

> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly[-]discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

On appeal, petitioner does not raise the issue asserted in his fourth habeas petition: that the prosecutor's remarks during closing arguments were improper. Rather, petitioner renews a different argument from his 2001 omnibus proceeding: that the State made a plea offer that was not communicated to petitioner prior to trial. Petitioner further argues that his trial counsel were ineffective in not communicating the alleged offer to him and that his habeas counsel was ineffective in not adequately raising the issue at the omnibus hearing. Finally, petitioner argues that the circuit court erred in the omnibus proceeding by failing to grant him relief on that issue.

Respondent first argues that this Court should decline to address any issue not raised in his fourth habeas petition. *See Watts v. Ballard*, 238 W. Va. 730, 735 n.7, 798 S.E.2d 856, 861 n.7 (2017) (finding that "[t]his Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance") (quoting Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958)). Respondent further argues that all of petitioner's issues, raised either in the habeas petition or in this appeal, are barred by the doctrine of res judicata given that they were all adjudicated and/or waived in at least two of petitioner's three prior habeas

proceedings: the 2001 omnibus proceeding or the 2009 proceeding in which petitioner first raised ineffective assistance of habeas counsel. Based on our review of the record, we agree with respondent that the circuit court correctly found that the single ground for relief raised in the fourth habeas petition was barred by the doctrine of res judicata. Accordingly, we conclude that the circuit court did not abuse its discretion in denying the habeas petition.

For the foregoing reasons, we affirm the circuit court's February 27, 2019, order denying petitioner's fourth petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: June 3, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4