# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ronald R. Hughes Sr.,**
**Plaintiff Below, Petitioner**

**vs.)  No. 18-0956** (Raleigh County 18-C-244)

**Lawrence Homes, Inc., and Gary Shleser,**
**Defendants Below, Respondents**

**FILED**
**August 28, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Ronald R. Hughes Sr., self-represented litigant, appeals the July 31, 2018, order of the Circuit Court of Raleigh County awarding summary judgment to Respondents Lawrence Homes, Inc., and Gary Shleser (collectively, "respondents") and directing petitioner to vacate the real property at 137 Prillerman Avenue, Beckley, West Virginia, by 5:00 p.m. on September 4, 2018. Respondents, by counsel James G. Anderson III, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondent Shleser is the owner of Building Services, Inc. which performed repairs to the real property at 137 Prillerman Avenue, Beckley, West Virginia, in 2002 pursuant to a contract with petitioner.  Respondent Shleser is also the owner of Respondent Lawrence Homes, Inc. which ultimately purchased the real property at issue in 2008.

On June 30, 2003, Building Services, Inc. filed a civil action[1] in the Circuit Court of Raleigh County against petitioner and other members of petitioner's family, seeking the sale of real property owned by the family at 137 Prillerman Avenue to satisfy a mechanic's lien respondents filed for repair work on the property performed by Building Services, Inc. By order entered on November 22, 2004, the circuit court upheld the validity of the mechanic's lien, found that Building Services, Inc. was entitled to a judgment in the amount of $9,430, including interest and court costs, and directed the sale of the real property.

---

[1]Raleigh County Case No. 03-C-533-B.

1

By order entered on March 26, 2008, the circuit court clarified that the sale of the real property did not include the life estate in the property belonging to petitioner's niece. Thereafter, the real property was sold pursuant to the circuit court's March 26, 2008, order and bought by respondents. Respondent Lawrence Homes, Inc.'s deed was recorded on December 10, 2008, and, consistent with the circuit court's March 26, 2008, order, noted that the sale did not include petitioner's niece's life estate in the real property.

Petitioner's niece died on October 9, 2013. On October 15, 2013, petitioner filed his first action against respondents in the Circuit Court of Raleigh County, Case No. 13-C-838-H, seeking to have Building Services, Inc.'s mechanic's lien invalidated and for petitioner to be awarded the title of the real property. Respondents filed an answer on November 7, 2013, and a motion to dismiss on November 26, 2013. At a January 24, 2014, hearing, the circuit court heard testimony and treated respondents' motion as a motion for summary judgment. By order entered on September 18, 2014, the circuit court awarded summary judgment to respondents. On October 8, 2014, petitioner filed a motion for relief from judgment, which the circuit court denied by order entered on April 27, 2015.

On November 18, 2015, petitioner filed a second civil action in the Circuit Court of Raleigh County, Case No. 15-C-957-K, again seeking to have Building Services, Inc.'s mechanic's lien invalidated and for petitioner to be awarded the title of the real property. Petitioner argued that Building Services, Inc. failed to complete the contracted repairs to the real property in 2002. On December 28, 2015, respondents filed an answer and a motion for summary judgment with exhibits. By order entered on May 31, 2016, the circuit court awarded respondents summary judgment.

On August 18, 2016, petitioner filed a third civil action in the Circuit Court of Raleigh County, Case No. 16-C-545-K, again alleging that Building Services, Inc. failed to complete the contracted repairs to the real property in 2002. Given the lapse of time, petitioner further argued that he had reacquired ownership of the real property through adverse possession. Respondents filed an answer and a motion for summary judgment, with exhibits, on July 5, 2017. By order entered on July 19, 2017, the circuit court awarded summary judgment to respondents, finding that (1) "[t]here is no breach of contract . . . in question"; and (2) "[t]here is no adverse possession [of] the property in question." The circuit court further cautioned petitioner's daughter, Jodi L. Hughes, a non-attorney who filed petitioner's third action on his behalf as a "limited power of attorney," that she might be sanctioned if she filed the same action "again in the future[.]"

On August 22, 2017, Ms. Hughes appealed the circuit court's July 19, 2017, order to this Court. By order entered on September 28, 2017, this Court directed Ms. Hughes to provide a statement as to "whether this matter should be docketed in light of the fact that a power of attorney cannot file documents on behalf of others in a proceeding on appeal." On December 4, 2017, Ms. Hughes filed a motion asking this Court to docket the appeal. By order entered on January 3, 2018, this Court refused to docket the appeal.

On May 10, 2018, petitioner filed the instant civil action—his *fourth*—in the Circuit Court of Raleigh County, Case No. 18-C-244-H, again alleging that respondents were "deeded this property by means of a questionable mechanic's lien in 2008" and that petitioner had reacquired

2

ownership of the real property through adverse possession. On June 11, 2018, respondents filed an answer and a motion to dismiss. On July 25, 2018, the circuit court held a hearing on the motion to dismiss, and the parties submitted documentation to support their respective positions. Petitioner requested that Ms. Hughes be allowed to speak for him. The circuit court refused the request, finding that Ms. Hughes was not a party and "cannot act as a lawyer." Petitioner argued that Building Services, Inc. failed to complete the contracted repairs to the real property in 2002 and that petitioner had reacquired the real property through adverse possession. Respondents countered that the instant action was barred by the doctrine of res judicata because the issues raised by petitioner were previously adjudicated in respondents' favor. Respondents requested possession of the real property.

By order entered on July 31, 2018, the circuit court treated respondents' motion to dismiss as a motion for summary judgment. The circuit court awarded summary judgment to respondents based on the doctrine of res judicata, finding that the issues raised by petitioner were previously adjudicated in respondents' favor and that the validity of the mechanic's lien was first adjudicated in the 2003 action filed by Building Services, Inc. Accordingly, by order entered on July 31, 2018, the circuit court directed petitioner to vacate the real property by 5:00 p.m. on September 4, 2018.[2]

Petitioner now appeals the circuit court's July 31, 2018, order awarding summary judgment to respondents. "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). Rule 56(c) of the West Virginia Rules of Civil Procedure provides that summary judgment shall be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." In syllabus point 4 of *Painter*, we held, in pertinent part, that "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party[.]" 192 W. Va. at 190, 451 S.E.2d at 756.

On appeal, petitioner does not address the circuit court's ruling that the doctrine of res judicata barred the instant action. Rather, petitioner argues that Building Services, Inc.'s mechanic's lien was invalid because the contracted repairs to the real property were never completed.[3] Respondents counter that the circuit court properly awarded them summary judgment. We agree with respondents.

---

[2]The circuit court's July 31, 2018, order was not stayed pending the resolution of this appeal. However, neither party states whether petitioner has vacated the real property. At the time petitioner filed this appeal on October 31, 2018, he still listed his address as 137 Prillerman Avenue, Beckley, West Virginia.

[3]To the extent that petitioner raises on appeal issues that he did not present to the circuit court, we decline to address those issues. *See Watts v. Ballard*, 238 W. Va. 730, 735 n.7, 798 S.E.2d 856, 861 n.7 (2017) (finding that "[t]his Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance") (quoting Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958)).

The standard for determining whether a party is barred from filing a second action by the doctrine of res judicata is the following:

> "Before the prosecution of a lawsuit may be barred on the basis of *res judicata*, three elements must be satisfied. First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action." Syllabus Point 4, *Blake v. Charleston Area Med. Ctr., Inc.*, 201 W.Va. 469, 498 S.E.2d 41 (1997).

Syl. Pt. 2, *Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc.*, 239 W. Va. 549, 803 S.E.2d 519 (2017).

Here, we find that all of the prior actions between the parties were final adjudications on the merits.[4] The subject real property is located in Beckley, West Virginia, and there is no allegation that the Circuit Court of Raleigh County lacked jurisdiction in the previous actions. Every prior action involved petitioner being sued by or suing respondents and/or Building Services, Inc. which is owned by Respondent Shleser. Finally, based on our review of the record, we find that the issues raised by petitioner in the instant action were adjudicated in the previous actions and that the validity of the mechanic's lien was first adjudicated in the 2003 action filed by Building Services, Inc. Therefore, we concur with the circuit court's finding that the doctrine of res judicata barred the instant action. We conclude that the circuit court's award of summary judgment to respondents was proper.

For the foregoing reasons, we affirm the circuit court's July 31, 2018, order awarding summary judgment to respondents and directing petitioner to vacate the real property at 137 Prillerman Avenue, Beckley, West Virginia.

Affirmed.

**ISSUED:** August 28, 2020

**CONCURRED IN BY:**
Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins

**DISQUALIFIED:**
Justice John A. Hutchison

---

[4]With regard to the 2013, 2015, and 2016 actions, we note that "[a] summary judgment order is a decision on the merits." *Tolley v. Carboline Co.*, 217 W.Va. 158, 164, 617 S.E.2d 508, 514 (2005) (quoting *Stemler v. Florence*, 350 F.3d 578, 587 (6th Cir. 2003)).