**FILED**

**February 1, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


**Stephen Settimi,**
**Plaintiff Below, Petitioner**

**vs.) No. 21-0046** (Hampshire County 19-AA-1)

**Matthew R. Irby, State Tax Commissioner, and**
**Norma Wagoner, Hampshire County Assessor,**
**Defendants Below, Respondents**


# MEMORANDUM DECISION


Self-represented petitioner Stephen Settimi appeals the December 9, 2020, order of the Circuit Court of Hampshire County granting the State Tax Commissioner's motion for summary judgment. The circuit court upheld the Tax Commissioner's ruling that petitioner's property did not qualify for farm use valuation for ad valorem property tax purposes for tax year 2020. Respondent Matthew R. Irby, State Tax Commissioner ("Tax Commissioner"), by counsel Katherine A. Schultz and Cassandra L. Means, and Respondent Norma Wagoner, Hampshire County Assessor ("Assessor"), by counsel Charlie B. Johnson, each filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner's property consists of approximately 29 acres of land in Hampshire County and is known as Flying Squirrel Ranch & Farm ("property"). In a farm plan for the years 2013 through 2022, petitioner stated that his objective was to "provide enough food stock and other resources to pay for [the property] and produce sustainable income generated from sales and on-site activities open to the public." Non-farm ranch activities would be "[c]amping, fishing, zip-line ride, . . . whiskey and wine tasting, [and] facility rental." Petitioner's farm plan further stated that the

1

property's agricultural production goals would be reached by the end of 2022. Value-added commercial products included "corn whiskey, wine, and other spirits." However, while the farm plan listed detailed planned activities, outcomes, and/or comments for the years 2013 through 2016, petitioner left those sections blank for the years 2017 through 2022. Apart from the farm plan, petitioner describes the property's operations as a mini-distillery and agritourism business.

Following an August 8, 2019, field check by a deputy assessor, petitioner's application for farm use valuation for ad valorem property tax purposes for tax year 2020 was denied. On the application, the deputy assessor's comments were that petitioner had made "no progress on [his] farm plan." In a denial letter dated August 9, 2019, the Assessor explained that "there was no sign of farming being done" and that "[t]he property was grown up, the grape vines didn't appear to be producing, and only a couple peach trees had peaches on them." Petitioner appealed the denial of his application for tax year 2020 to the Tax Commissioner. In property tax ruling 20-05, the Tax Commissioner ruled that

> [petitioner] failed to satisfy the requirements for qualification for farm use valuation, because the property . . . did not meet the agricultural production requirements set forth at [West Virginia Code of State Rules (State Rules) § 110-1A-2.6.3.4.a], nor did it qualify for an exception under the pre-production rule set forth at [State Rule § 110-1A-2.6.3.4].[1] Furthermore, it appears from publicly available information that the primary business of [petitioner] is in sales of distilled spirits and lodging.[2]

(Footnotes added.)

Petitioner filed an appeal from property tax ruling 20-05 in the Circuit Court of Hampshire County. Following discovery, petitioner and the Tax Commissioner each filed a motion for summary judgment. At a November 9, 2020, hearing, petitioner and the Tax Commissioner briefly explained their respective summary judgment motions which the circuit court took under advisement. The circuit court allowed proposed final orders to be filed on or before November 30, 2020. Thereafter, the circuit court would "resolve this matter by granting a motion for summary judgment, schedule a further hearing[,] if necessary, or set a trial date [in] this matter."[3]

---

[1]A new version of State Rule § 110-1A-2 became effective on September 27, 2021. We apply the version of State Rule § 110-1A-2 in effect at the time of petitioner's application for farm use valuation for ad valorem property tax purposes for tax year 2020.

[2]According to petitioner's response to an interrogatory, effective January 1, 2020, he removed a listing on AirBnB based upon the "denial of farm [use] valuation."

[3]Instead of filing a proposed final order, petitioner filed a letter in which the last sentence expressed the view that expert testimony was necessary for the resolution of the case. On appeal, petitioner again argues the necessity of expert testimony in a single sentence. Because it is an argument made only in passing, we decline to consider it. *See State v. LaRock*, 196 W. Va. 294, (continued . . .)

By order entered on December 9, 2020, the circuit court found that oral argument was not needed and that "[a]ll parties timely responded to . . . various discovery requests." The circuit court denied petitioner's summary judgment motion and granted the Tax Commissioner's summary judgment motion, finding that the property did not qualify for farm use valuation as it was not used for primarily farming purposes.

Petitioner now appeals the circuit court's December 9, 2020, order, arguing that the circuit court should have entered an order reversing the Tax Commissioner's ruling that the property did not qualify for farm use valuation for ad valorem property tax purposes for tax year 2020. While ordinarily interlocutory in nature, "where . . . [an] order denying one party's motion for summary judgment simultaneously grants summary judgment to another party, such an order is final and appealable." *Findley v. State Farm Mut. Auto. Ins. Co.*, 213 W. Va. 80, 100, 576 S.E.2d 807, 827 (2002). Here, we find that the circuit court properly granted the Tax Commissioner's motion for summary judgment.

Rule 56(c) of the Rules of Civil Procedure provides that summary judgment shall be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." In Syllabus Point 1 of *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994), we held that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Additionally, "[i]nterpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review." Syl. Pt. 1, *Appalachian Power Co. v. State Tax Dept. of W.Va.*, 195 W. Va. 573, 466 S.E.2d 424 (1995).

On appeal, petitioner initially argues that the circuit court "may not have had the jurisdictional authority to properly rule on this case as the issues . . . rise above the authority of a lower appeals court." Respondents counter that the circuit court had jurisdiction to decide petitioner's appeal of property tax ruling 20-05 pursuant to West Virginia Code §§ 11-3-24a(c) and 11-3-25(c).

West Virginia Code § 11-3-24a(c) provides, in pertinent part, that the Tax Commissioner's ruling "shall be binding upon the assessor, but either the assessor or the taxpayer may apply to the circuit court of the county within thirty days after receiving written notice of the Tax Commissioner's ruling." West Virginia Code § 11-3-25(c) provides, in pertinent part, that, "if a question of classification or taxability is presented, the matter shall be heard de novo by the circuit court." Pursuant to West Virginia Code §§ 11-3-24a(c) and 11-3-25(c), we agree with respondents that the circuit court had jurisdiction to decide petitioner's appeal of property tax ruling 20-05.

We further find that, while petitioner refers to his argument as a jurisdictional claim, he essentially argues that this Court is primarily reviewing the rulings of respondents rather than the

302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal."); *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (finding that cursory treatment of an issue is insufficient to raise it on appeal).

circuit court's ruling as petitioner states that he "is not wholly fixed on the errors of the [c]ircuit [c]ourt proceedings and final order but . . . with [those errors allegedly committed by respondents]." Properly construed, petitioner's argument is incorrect because, pursuant to West Virginia Code § 11-3-25(c), the circuit court heard the matter de novo, and this Court must review the decision of the circuit court de novo.

In its decision, the circuit court found that the sole purpose of a property tax ruling is to determine the classification of real property for ad valorem taxation purposes. We agree as State Rule § 110-1A-2.8.3 provides that "[t]he Tax Commissioner shall decide only the issue of whether the property constitutes a 'farm' or 'farms' within the meaning of [West Virginia] Code § 11-1A-3(i) and these regulations."

West Virginia Code § 11-1A-3(i) is a statutory provision that sets forth relevant definitions applicable to Chapter 11, Article 1A, which addresses appraisal of property for tax purposes. West Virginia Code § 11-1A-3(i) provides, in pertinent part, that

> "[v]alue", "market value" and "true and actual value" shall have the same meaning and shall mean the price at or for which a particular parcel or species of property would sell if it were sold to a willing buyer by a willing seller in an arm's length transaction without either the buyer or the seller being under any compulsion to buy or sell: Provided, That[,] . . . in the case of a farm or farms[,] [value] shall be determined assuming such land is being used for farming purposes.

West Virginia Code § 11-1A-3(f) defines "farm," in pertinent part, as "land currently being used primarily for farming purposes," and West Virginia Code § 11-1A-3(g) defines "farming purposes" to include "the utilization of land to produce for sale, consumption or use, any agricultural products[.]" As noted by the circuit court, State Rule § 110-1A-2.5.6 substantially tracks the statutory language and provides, in pertinent part, that

> [t]he term "farm" shall mean a tract or contiguous tracts of land currently being used as part of a farming operation, *primarily for farming purposes*, whether by the owner thereof, or by a tenant, and which has been so used at least seasonally during the year immediately preceding the then current tax year (unless it qualifies for one of the exceptions in Section 2.6.2.12.c of these of these regulations, *but shall not include lands used primarily in commercial purposes*: Provided, That the growing of Christmas trees or orchards and nursery stock shall not be deemed to be commercial forestry or the growing of timber for commercial purposes. See W. Va. Code § 11-1a-3(f) and (g) defining "farm" and "farming purposes" and § 11-4-3, defining "farm."[4]

(Emphasis and footnote added.)

---

[4]West Virginia Code § 11-4-3(4) defines "farm," in pertinent part, as "a tract or contiguous tracts of land used for agriculture, horticulture or grazing[.]"

State Rule § 110-1A-2.6.3 sets forth qualification requirements for farm use valuation:

> Qualifying farmland and the structures situated thereon shall be subject to farm use valuation, with primary consideration being given to the income which the property might be expected to earn, in the locality wherein situated, if rented. *However, for land to qualify for farm use valuation, all of the following criteria must be met:* . . . [(1)] The property must be classified as a "farm[.]" . . . [(2)] The property must be agricultural land used for "farm purposes[.]" . . . [(3)] The property must, in total, comprise not less than five (5) acres of land[.] . . . [(4)] The farm must produce for sale, consumption or use agricultural products . . . having a fair market value to the producer of at least one thousand dollars ($1,000)[.] . . . [(5)] The annual wholesale of such farm commodities or products must be fifty percent (50%) or more of the annual gross income derived from surface land use of the property. . . . [and (6)] The application for farm use valu[ation] must be submitted [annually.]

W. Va. Code R. §§ 110-1A-2.6.3 to -2.6.3.6 (emphasis added). Of the six requirements applicable to this case,[5] the circuit court found that petitioner's property failed to satisfy four of them: The property did not meet the definition of a "farm," was not being used for "farming purposes," did not have at least 50% of total gross sales from agricultural products per year, and did not produce agricultural products worth at least $1,000 per year.

Because the failure to meet any one of the six requirements defeats petitioner's claim to farm use valuation for tax purposes pursuant to State Rule § 110-1A-2.6.3, we address only the last two requirements that the circuit court found the property failed to meet. We find that the court focused on the property's failure to have at least 50% of total gross sales from agricultural products per year and its failure to produce agricultural products worth at least $1,000 per year due to petitioner's reliance upon the pre-production rule set forth at State Rule § 110-1A-2.6.3.4.d. Pursuant to the pre-production rule,

> [i]f the property qualifies for farm use appraisal except for meeting the one thousand dollars ($1,000.00) annual farm production test, then, if the failure is due to the farm product being in the growing or development stage (which by its very nature requires more than one (1) year to mature) the property is eligible for farm use appraisal: Provided, That . . . the crop must have been planted (in whole or in part) on or before the July first assessment day for which farm use value is sought[.] . . . Additionally, a farm development plan must be attached to the application, outlining by year the plan for development of a productive farm. Within ten (10) years thereafter (including the first year for which farm use value is sought), the value of farm production must reach an annual wholesale value of one thousand dollars ($1,000.00) or more. Otherwise, farm use value is lost for the next tax year.

---

[5]A seventh criterion is that "farm property producing income from natural resources, mineral income, or property from which the mineral estate has been severed, shall be treated in accordance with the provisions of [State Rule § 110-1A-2.6.6.3]." W. Va. Code R. § 110-1A-2.6.3.7. No party argues that this seventh criterion is applicable in this case.

5

W. Va. Code R. §§ 110-1A-2.6.4.d to -2.6.4.d.2.

Petitioner argues that, because he is in the midst of a farm plan for the years 2013 through 2022, the pre-production rule relieves his property from the requirement that at least 50% of total gross sales must be from agricultural products per year. However, the pre-production rule clearly states that, if a property is eligible for farm use valuation "except for meeting the one thousand dollars ($1,000.00) annual farm production test, . . . the property is eligible for farm use appraisal [subject to provisos set forth in State Rules §§ 110-1A-2.6.4.d.1 and -2.6.4.d.2]." Therefore, we agree with the circuit court that the only requirement that the pre-production rule relieves a property from satisfying is the requirement that agricultural products worth at least $1,000 must be produced per year.

Properly finding that the property must satisfy the requirement that at least 50% of total gross sales must be from agricultural products per year, the circuit court determined that, based on sales information produced by petitioner, even if "sales of distilled spirits could be counted as sales of agricultural products, the distilled spirits sales would represent barely one-third of the annual gross income derived from the surface use of the property." The circuit court produced the following table:[6]

| Item | 2018 sales | 2019 sales |
|---|---|---|
| Agricultural products | $0 | $0 |
| Distilled spirits | $1,907 | $2,431 |
| AirBnB | $5,356 | $7,231 |

The circuit court further explained that

While [petitioner's] spreadsheets did not state a [t]otal [s]ales figure for [d]istilled [s]pirits, [c]ounsel for the Tax [Commissioner] selected the summation function for [c]olumn J, *Gross Sales*, which provided total sales of $1,907 for 2018 and $2,431 for 2019. The total amount of [g]ross [s]ales for distilled spirits do not appear to be in dispute.[7]

(Footnote added.)

As petitioner does not challenge any of the sales figures on the circuit court's table, we concur with its finding that the property did not qualify for farm use valuation pursuant to State

---

[6]We have modified the table so that the sales figures for each year appear in separate columns.

[7]Two other spreadsheets listed the total sales for petitioner's AirBnB rentals for 2018 and 2019. Additionally, in a discovery response filed on September 30, 2020, petitioner admitted that there were no gross sales of agricultural products in either 2018 or 2019.

6

Rule § 110-1A-2.6.3 due to a failure to meet the requirement that at least 50% of total gross sales must be from agricultural products per year. Accordingly, based upon our review of the circuit court's order, the applicable statutes and regulations, and the record, we find that the circuit court properly awarded summary judgment to the Tax Commissioner pursuant to Rule 56(c) of the Rules of Civil Procedure as there was no genuine issue as to a material fact and the Commissioner was entitled to a judgment as a matter of law.[8]

For the foregoing reasons, we affirm the circuit court's December 9, 2020, order granting the Tax Commissioner's motion for summary judgment and upholding the Commissioner's ruling that petitioner's property did not qualify for farm use valuation for ad valorem property tax purposes for tax year 2020.

Affirmed.

**ISSUED:** February 1, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton

---

[8]On appeal, petitioner argues that the Tax Commissioner failed to amend State Rule § 110-1A-2 to reflect the current legislative policy of promoting agritourism, but he concedes that the issue was not "fully expressed" before the circuit court. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides, in pertinent part, that petitioner's "argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." "To preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect." Syl. Pt. 2, *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 470 S.E.2d 162 (1996). Based upon our review of the circuit court's order, the court did not address the Tax Commissioner's alleged failure to amend State Rule § 110-1A-2 to reflect current legislative policy. Therefore, due to petitioner's concession that the issue was not adequately raised with the circuit court, we decline to consider it on appeal. *See Watts v. Ballard*, 238 W. Va. 730, 735 n.7, 798 S.E.2d 856, 861 n.7 (2017) ("This Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance.") (quoting Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958)).

7